BETHANY BRIGGS *et al.* Appellants, &c. *versus*
STEPHEN HOSFORD.

The will of a testator, whose property consisted of chattels, securities and accounts,
contained only two bequests, the first to his wife, of " the one half of all my prop-
erty," the second to his brother of a sum specified. *Held* that the wife took, not
one half of the gross amount of the property, but only of the residue after the pay-
ment of debts and expenses of administration.

ISAAC SAMPSON made his last will, containing only the fol-
lowing items : " Item first.   To my beloved wife, Amy
Sampson, I give and bequeath the one half of all my proper-
ty.   Item second.   To my brother, David Sampson, I give
and bequeath the sum of eight hundred dollars, to be put into
the hands of Elias Briggs, to be laid out for his support and
maintenance.   Item third.   To my sister, Sally Moore, to her
children and heirs, I give nothing."

The testator's property consisted of chattels, securities and
accounts.

On the 7th of November, 1837, Stephen Hosford, admin-
istrator with the will annexed, settled his first account in the
Probate Court, by which it appeared that the amount of prop-
erty received by him was $3190·24, and that the amount of
debts paid, funeral expenses and expenses of administration,
was $796·34 ; and the judge of probate decreed, that the ad-
ministrator should pay to the widow of the testator one half
of all his property " being $1583·80," and to a trustee for
David Sampson, $800, and that the residue, viz. $10·10, in
regard to which the testator had " made no provision in his will,
except that his sister Sally Moore shall take no part thereof,"
should be divided between David Sampson, Bethany Briggs,
Nancy Coon and Olive Felton, the brother and sisters and
heirs at law of the testator, in equal shares.

On the 7th of August, 1838, the administrator presented at
the Probate Court a further account of property, amounting to
$712·87, and of expenses, amounting to $57·50 ; and the
judge decreed that he should pay to the widow, under the will,
one half of the property, viz. $356·44, and should dispose of
the balance, viz. $298·94, agreeably to the statute of distribu-

tion, paying one half thereof, viz. $ 149·47 to the widow, and the other half to David Sampson, Bethany Briggs, Nancy Coon and Olive Felton, in equal shares.

After this last decree Bethany Briggs and Nancy Coon appealed from the two decrees, because the judge directed one half of all the property to be paid to the widow, without deducting therefrom any part of the debts due from the testator or of the charges of administration.

*Porter* and *Briggs*, for the appellants.

*D. N. Dewey*, for the administrator.

Morton J. delivered the opinion of the Court. No appeal from the first decree of distribution having been seasonably claimed or entered, we cannot now take cognizance of that decree or in any way revise that distribution. It is *res judicata* and, right or wrong, has been too long acquiesced in to be again called in question.

The last decree having been regularly appealed from, is now open for our revision. The reasons of appeal present a question upon the construction of the will. The testator says " *to my beloved wife, A. S., I give and bequeath the one half of all my property.*" He then gave eight hundred dollars in trust for his brother, and closed the will without any residuary disposition. He left no real estate. The will is brief, and this language appears to be plain ; but it is far from being clear what was the intention of the testator. The question between the parties is, whether the widow is entitled to one half of the gross amount of the property, before the payment of the debts and expenses of administration, or one half of the net amount after deducting these payments.

This is not a specific legacy, though it may bear some resemblance to one. The court always lean against specific legacies as being less consonant to reason and justice than general ones. Preston on Legacies, (Eng. ed.) 159 ; *Chaworth* v. *Beech*, 4 Ves. 555 ; *Innes* v. *Johnson*, 4 Ves. 568 ; *Kirby* v. *Potter*, 4 Ves. 748 ; *Mayrant* v. *Davis*, 1 Desaus. 202 ; *Cogdell* v. *Cogdell's heirs*, 3 Desaus. 346 ; *Warren* v. *Wigfall*, 3 Desaus. 47 ; *Cuthbert* v. *Cuthbert*, 3 Yeates, 486. There is no reason to suppose that the testator intended that his property should be delivered over in specie. It consisted of secu-

Briggs
*v.*
Hosford.

*Sept. 19th.*

*Sept. 20th.*

rities and accounts, as well as chattels. These were not to be distributed in choses in action, but to be reduced to possession and the proceeds to be paid over according to the will It might be that the testator held notes and other demands against persons who held counter demands against him ; these demands could not be collected in full, and of course the widow could only claim one half of the balance due. So we think the debts due the testator, were not only to be reduced to possession, but his chattels converted into money. The expense of doing this would clearly be a charge upon the fund, and we believe that the debts also should be paid out of it. Without entering into a critical examination of the language of the will, we are inclined to the opinion, that by " all my property," the testator had reference to the settlement of his estate and meant the amount which should remain when it was settled.

In the construction of wills and other instruments so much depends upon the peculiar phraseology of each, that not much aid can be derived from precedents. Although there are certain established rules of construction which may serve as guides, yet there will arise many cases to which they will not apply. And adjudged cases depend so much upon their own peculiar circumstances, that they cannot be expected to furnish rules applicable to all questions which may arise. But there are two or three cases so analogous to this, that they present a strong confirmation of the correctness of the construction which we have adopted.

In *Reed* v. *Addington*, 4 Ves. 575, the words were, I give to my wife " the third part of all my property, that shall become due to me ; " and it was holden by the Lord Chancellor, that the fund disposed of, was the fund after the payment of the debts &c., but not the legacies, and it was decreed that the plaintiff should recover one third of the net amount of the property.

In *Bardwell* v. *Bardwell*, 10 Pick. 19, the words were, " to my wife L. B. I give and bequeath . . . one third part of my personal estate." Upon this the Court say, " if there were no other disposition by the testator the whole personal estate would be subject to the payment of debts." But they found other clauses in the will which controlled this obvious con

struction.  See Preston on Legacies, (Eng. ed.) 165 ; *Joy* v   Briggs
*Campbell*, 1 Sch. & Lefr. 334.                                 *v.*
                                                               Hosford.
We think the judge of probate erred in allowing to the
widow one half of the gross amount of the property instead of
one half of the net amount.  The decree must therefore be so
far reversed, and the case remitted for further proceeding in the
Probate Court, according to the opinion here given.