ELVIRA BLAKESLEE, ADMINISTRATRIX, *vs.* EGBERT E. PARDEE, ADMINISTRATOR, ET AL.

Third Judicial District, Bridgeport, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A testator gave two thirds of all the personal property, and one third of all the real estate, which he might own at his death, to his wife in fee; to a sister he gave $2,000; to his mother (who died before him) the use or income of $6,000 during her lifetime, and the principal thereof at her decease, to his brothers and sisters, equally, in fee; and the residue of his estate he gave to his brothers and sisters in equal parts, the issue of those dying before the testator to take their parent's share. By a codicil he gave to his wife certain real estate, specifically; to a nephew (*G*) and a niece (*J*), children of his sister *E*, small pecuniary legacies, declaring that these amounts were all they were to receive from his estate; and to certain charities $20,000. The final clause of the codicil provided that his will should remain as it was "except the provision I have made in this will which shall stand first, after all this will has been executed." In a suit to construe the will and codicil it was *held :* —

1. That the death of the testator's mother before him did not invalidate the gift over of the $6,000 to his brothers and sisters; especially as the codicil, which was executed after her death, made no change in such gift.

2. That while it was possible the testator might have intended by the obscure, final clause of his codicil, to create a preference or priority in the payment of the legacies given in the codicil, he certainly did not intend to reduce the actual *quantum* or amount of his personal property upon which his wife's two thirds was to be calculated, by the amount ($20,200) of the pecuniary legacies given in the codicil.

3. That the widow was entitled, not to two thirds of the gross amount of personal estate left by the testator, but to two thirds of the net amount of such estate; that is, the amount left after the payment of debts and the expenses of settlement.

4. That if this net personal estate should prove insufficient to pay the general and pecuniary legacies, real estate not specifically devised might be sold and the proceeds used to supply the deficiency.

5. That the widow was entitled to take the specific devise in the codicil, and, in addition thereto, one third of all the real estate, including in such total said specific devise but excluding that portion of the realty which might be required for the satisfaction of legacies.

6. That *G* and *J* were not entitled to take in right of their mother (*E*), who had predeceased the testator, since the codicil clearly cut them off from any participation in the estate beyond their two small legacies; and that their brother succeeded to his mother's share.

Submitted on briefs October 27th—decided December 18th, 1903.

Suit to determine the construction of the will of Alfred E. Blakeslee of New Haven, deceased, brought to and reserved by the Superior Court in New Haven County, *Shumway, J.*, upon a finding of facts, for the advice of this court.

March 7th, 1901, Alfred E. Blakeslee of New Haven died possessed of an estate consisting of about $69,000 in personal, and $64,654 in real, estate. He left a will dated December 26th, 1885, and a codicil thereto executed March 19th, 1895. This will and codicil, which were duly probated, were, omitting their formal parts, as follows:—

### WILL.

"First. I give and bequeath to my wife Elvira Blakeslee of said town of New Haven, two thirds of all the personal property of whatever kind, of which I may die possessed; the same to be hers absolutely.

"Second. I give, devise and bequeath to my said wife Elvira Blakeslee and to her heirs and assigns, one third of all the real estate of whatever kind and wherever located, which I may own at the time of my death; and I direct that she have the choice in selecting said one third of my real estate based upon the appraisal thereof, and also that the same be accepted in lieu of dower.

"Third. I give and bequeath absolutely to my sister Jane E. Pardee of Watertown in the State of Connecticut, the sum of two thousand dollars in money.

"Fourth. I hereby give and bequeath to my mother Electa Clinton of the town of Watertown in the State of Connecticut, the use, income and profit, for and during her natural life, of the sum of six thousand dollars ; and in case said use income and profit should not equal the sum of six dollars per week or the sum of $312 per annum, then I hereby authorize and direct that so much of the principal of said sum of six thousand be used and appropriated as shall net for my said mother the sum of six dollars per week.

"Fifth. I give, bequeath and devise all the rest, residue and remainder of my estate, both personal and real, to my sisters Elizabeth Barnes and Jane E. Pardee, both of Watertown in the State of Connecticut and to my brother Allen T. Blakeslee of Northfield, Connecticut, and George F. Blakeslee of Plymouth, Connecticut, in equal parts, their heirs and assigns ; and in case either should be dead at the time of my decease leaving issue then I will that such issue take the share which the ancestor would have taken, if living.

"Sixth. After the death of my mother, I give and bequeath to my brothers and sisters named in the fifth clause of this will, and on the same conditions in case of the death of either, all the rest, residue and remainder of the six thousand dollars, set aside for her benefit by the fourth paragraph of this instrument, to them and their heirs."

### Codicil.

"First. I give and bequeath to my wife Elvira Blakeslee of said Town of New Haven, all my rights in house, barn and lot 1497 West Chapel Street, corner of Hotchkiss Street, also all the furniture and all contents in said house, also the horse and carriages and contents in said barn, the same to be hers absolutely.

"Second. I give only to my niece Mrs. Jennie Skilton wife of Julius Skilton Watertown Conn. one hundred dollars this is all she is to have from my estate.

"Third. I give only to my nephew George A. Barnes one hundred dollars if his present wife is living her name before marriage Hattie Johnson, if she is not living the time of my death, he shall share the same as my other nieces and nephews.

"Fourth. I give to the Young Men's Christian Association $5,000. I give to the Welcome Hall Mission $5,000. I give to New Haven Orphan Asylum $2,000; I give to Home for the Friendless $3,000; I give Ladies Seamen Friend Society $3,000; I give Young Woman's Christian Association $2,000 all located in the City of New Haven.

"Will made December 26th, 1885, to be the same, except the provision I have made in this will which shall stand first, after all this will has been executed."

The wife, Elvira Blakeslee, survived her husband, qualified as administratrix, and as such administratrix is the plaintiff.

Electa Clinton died before the testator and on February 24th, 1887.

Elizabeth Barnes died August 12th, 1890, leaving three children, the defendants Harry E. Barnes, George H. Barnes and Mrs. Jennie Skilton, all of whom now survive.

Jane E. Pardee has died since the testator's death, the defendant Egbert E. Pardee being the duly qualified administrator of her estate.

The wife of George A. Barnes, mentioned in the third paragraph of the codicil, was living at the testator's death.

Upon the settlement of the administration account there remained in the hands of the administratrix, after the payment of debts and the expenses of settlement, personal estate amounting to $56,101.25. This amount was exclusive of $10,316.18, the proceeds of the sale of certain real estate.

*A. Heaton Robertson* and *Albert F. Welles*, for Elvira Blakeslee.

*John O'Neill*, for Egbert E. Pardee.

*Charles G. Root*, for Harry E. Barnes.

PRENTICE, J.   The gifts of personalty contained in this will and codicil—the residuary clause aside—consist of one specific bequest of chattels, several pecuniary legacies, and one general legacy not pecuniary.   Concerning the specific bequest, which is contained in the first paragraph of the codicil, no question arises.   In order to determine the amount of the pecuniary legacies it is necessary to inquire whether or not the gift made in the sixth paragraph of the will is an operative one.   The death of the life tenant prior to the testator's did not invalidate the gift over.   *Healy* v. *Healy*, 70 Conn. 467, 471.   The subsequent execution of the codicil without revocation of the provisions of this paragraph indicates, rather than otherwise, the testator's intention that the gift should stand.   The paragraph, therefore, contains a valid pecuniary legacy of $6,000, making the total of such legacies $28,200.

The general legacy not pecuniary is one to the testator's wife of " two thirds of all the personal property of whatever kind of which I may die possessed."   An important question is presented as to the measure of this bequest.   The widow claims that she is entitled to two thirds of the gross amount of the personal estate ; the residuary beneficiaries, that she is only entitled to two thirds of the amount of personal property remaining after the payment of all claims and the expenses attending the settlement of the estate and the satisfaction of all the legacies.   We think that she is entitled to two thirds of the net personal estate ; that is, two thirds of the personal estate less the amount of claims presented and allowed and the expenses of settlement.   A gift " of all of which one may die possessed " carries only the net amount of the estate.   In like manner a gift of two thirds carries two thirds of the same total.   There is no peculiar significance to be attached to the testator's choice of words.   In their connection they can have no other effect than would the words " of all my personal estate " used in their stead. Legacies stand  in a very different relation to the estate from debts and expenses of settlement.   The latter are  a charge upon the property left by the deceased, and until their amount

is ascertained the amount of the estate for the purposes of division cannot be determined. Legacies are parcels of the distributable estate.. Their amount may be expressed in precise figures, or they may be determinable upon an established basis of computation. In either event they comprise a part of the estate which is under division.

It is urged, however, that the closing paragraph of the codicil requires that the provisions of the codicil be first executed before the will begins to operate, with the effect that the personal estate with respect to which the will speaks is the personal estate less the amount of the legacies in the codicil. The language of this paragraph of the codicil is singularly obscure, and the intention sought to be expressed peculiarly uncertain. Fortunately, however, there is no need to seek to fathom the mystery, since it is quite clear that the extreme construction indicated is unwarranted either by the language or apparent intention. Possibly the testator intended to give a priority to the gifts in the codicil, so that they should be paid in full in any event, and to confirm the will as modified. Quite certainly he intended to do nothing more favorable to the claim of the residuary beneficiaries. As the gifts contained in the codicil are all to be paid, the obscure phraseology has no further present interest.

This method of ascertaining the amount of the widow's share of the personalty, under the first paragraph of the will, entitles her to approximately $37,000, if we are correct in our calculations. This amount, together with the amount of the pecuniary legacies, gives a total in excess of the personal estate. We have next to consider the results attending this situation.

The pecuniary legacies are by statute charged upon the real estate, of which the testator left sufficient not specifically devised to more than satisfy all the legacies of whatever character. General Statutes, §295. "Where a testator has charged one or more legacies upon the real estate, and other legacies are not so charged, if the personal estate proves insufficient to pay them all, the legacies

charged on the real estate shall be paid thereout ; or if they have been paid out of the personal estate, the other legacies, as to so much, shall stand in their place as a charge upon the land." *Aldrich* v. *Cooper* (note), 2 Leading Cases in Equity, 228, 242 ; *Hanby* v. *Roberts,* Amb. 127 ; *Masters* v. *Masters,* 1 P. Wms. 421; *Bligh* v. *Darnley,* 2 id. 619 ; *Allen* v. *Allen,* 3 Wall. Jr. (U.S.C.C.) 289. This recognized principle renders it unnecessary to inquire as to what priorities there might be between the several legacies, and as to whether or not that to the widow was one with which the real estate stood charged. The general legacy to the widow and the several pecuniary legacies are all payable out of the estate, the proceeds of the sale of real estate not specifically devised—in so far as the same may be needed to supply the deficiency of personal property—being used for that purpose.

The widow is confessedly entitled to the real estate specifically devised to her in the first paragraph of the codicil.

This devise is cumulative to that contained in the second paragraph of the will, which is to be construed as one third in value of all the testator's real estate, including that specifically devised in the codicil. This result flows alike from the natural meaning of the language employed, the presumption of law, and the apparent intention of the testator. *Hollister* v. *Shaw,* 46 Conn. 248; *Wainwright* v. *Tuckerman,* 120 Mass. 232 ; *Dickinson* v. *Overton,* 57 N. J. Eq. 26 ; *Manifold's Appeal,* 126 Pa. St. 508.

In determining, however, the amount of the testator's realty for the purpose of the above computation, there should not be included in the total that which the provisions of the will require to be converted into money and used as personalty in the satisfaction of legacies. The real estate, within the meaning of this part of the will, is to be regarded as that and that only which by the terms of the will pass as realty. The testator's intention would quite certainly be violated upon any other construction. He evidently meant that his widow should have the premises specifically devised and one third of what real estate remained to be divided.

He could scarcely have intended that the real estate which should be needed to satisfy debts and legacies, including in the last the major part to the widow, should be used again for her benefit by increasing the total upon the basis of which the proportionate share which should come to her in the form of realty should be determined. The amount of real estate required to be sold and the proceeds thereof used for the satisfaction of legacies is not, therefore, to be included in this total.

Paragraphs second and third of the codicil were clearly intended to cut off Mrs. Skilton and George A. Barnes— the former in any event, and the latter in the contingency named—from any participation in the estate beyond the two small legacies left them. As a result, their brother Harry is entitled to receive the share to which their mother, if living, would be entitled under the fifth and sixth paragraphs of the will. This result is in harmony with the general scheme of equal benefactions to the brothers and sisters and of the substitution of children for any deceased brother or sister, thus preserving the equality among the several stocks. The removal of Mrs. Skilton and George, by the direction of the testator, from the class of persons entitled to take in the event of Elizabeth Barnes' death, was to the same effect as their removal by death would have been. *Bolles* v. *Smith*, 39 Conn. 217, 218.

The Superior Court is advised:—

1. That the gift of $6,000, as contained in the sixth paragraph of the will, is valid.

2. That the widow, under the first paragraph of the will, takes two thirds of all the personal estate less the amount of the debts and expenses of settling the estate.

3. That if the personal estate remaining after the payment of debts and expenses of settlement proves insufficient to pay the general and pecuniary legacies, proceeds of the sale of real estate be used to supply the deficiency.

4. That the widow is, under the second paragraph of the will, entitled to take, in addition to the lands specifically devised to her in the codicil, one third of all the real es-

tate, said property specifically devised to her being included in the total used as the basis of calculation, and so much of the realty as is required for the satisfaction of legacies being excluded.

5. That Harry E. Barnes is entitled to receive the full share which his mother, Elizabeth Barnes, if living, would receive under the provisions of paragraphs fifth and sixth of the will.

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.