George Frankenthaler, S.
Petitioners and the special guardian in this final accounting proceeding seek a determination of the validity of the assignment by two beneficiaries of their interests in this estate to Dimitar Petroff, an executor *319 and a brother of decedent, because of the fiduciary position of the assignee and the foreign residence of the assignors. The proof at the hearing establishes that these assignments by testator’s sister and brother, to their brother Dimitar, were fair, open and voluntary. The executor acted in good faith; the assignors, who are not objecting, were informed as to the value of their interests and understood the effect of their actions (Matter of Hastings, 280 N. Y. 694; Matter of Rees, 72 N. Y. S. 2d 598) and their shares may be distributed to the assignee. The special guardian’s objection as to commissions was conditioned on the invalidity of these transfers and is thus dismissed.
A different issue is raised by the assignment to Dimitar, executed in this country by Stoyna Petroff, who died shortly after the death of her son, George, the decedent. Her interest in this estate is governed by paragraph Tenth of the will which has been construed as dividing among other legatees that portion of her legacy which had not been distributed to her before her death (Matter of Petroff, N. Y. L. J., May 4, 1953, p. 1483, col. 6). Her assignee claims her share of the proceeds of the sale of a farm allegedly owned by the testator at his death, on the ground that her interest in this realty vested before she died and passed to him under the assignment. Title to the property was in dispute and the intermediate decree herein approved a compromise providing for the sale of the farm and the payment of a large fraction of the proceeds to the estate. Whether or not title to this realty had vested before Mrs. Petroff’s death (and there is some doubt both as to whether the testator had title to the land and as to whether such interest as he may have had was realty or an interest in a partnership which owned the land and therefore personalty) the executors thereafter exercised the power of sale in paragraph Thirteenth of the will with court approval, which would convert realty to personalty and divest the legatees of title to the realty (Cahill v. Russell, 140 N. Y. 402, 408; Matter of Powers, 205 App. Div. 49). The proceeds were received by the executors for administration and distribution. The court holds that the property in question was not “ distributed ” to Mrs. Petroff before she died, within the meaning of paragraph Tenth, and therefore cannot be paid to her assignee but must be paid out in accordance with the directions in the intermediate decree governing the undistributed share of this legatee.
Testator gave his wife one third “ of my entire estate ” (paragraph Second) and established a trust for his son of “ one-third of my estate, at the time of my decease ” (par. Third). His wife *320 Helen Petroff, a coexecutor, contends that by “ estate ” the testator meant a sum arrived at by subtracting from his assets the debts and funeral expenses which paragraph First directs to be paid. The special guardian and the testator’s brother who benefit under subsequent provisions in the will would subtract administration expenses as well as funeral expenses and debts in computing the “ estate ” and they dispute the widow’s contention that no estate taxes are allocable to the shares of the wife and son.
It is conceded that as a general rule, absent some provision to the contrary, debts and administration expenses are deducted in computing the value of an estate when a fraction thereof has been bequeathed (169 A. L. R. 892; Matter of Mass, 65 N. Y. S. 2d 93; but cf. Matter of Ginn, 49 N. Y. S. 2d 443). The words “ entire ” and “ at the time of my decease ” modifying “ estate ” are not, in the present context, explicit enough to justify any deviation from this rule. Testator provided for the distribution of the “ balance of my estate ” among his parents, brothers and sisters (par. Seventh), and administration expenses would significantly dimish this portion if the widow’s construction were adopted. The structure of his family at the date of execution does not warrant the inference that he intended to prefer one class of legatees over another. Nothing in the form or contents of this will indicates that the testator had considered this question and the provision in paragraph Sixth which gives the “ residue ” to the son if his share is “no greater than $10,000 ” manifests no intention to confine liability for expenses to the other beneficiaries. Certainly the clear and unambiguous direction against apportionment which is necssary to avoid prorating estate taxes is lacking (Matter of Pepper, 307 N. Y. 242). Accordingly, administration expenses must be deducted in arriving at the value of the estate upon which the legacies under paragraphs Second and Third are computed and estate taxes are to be allocated in accordance with the statutory formula in section 124 of the Decedent Estate Law. The motion to strike out the testimony of the draftsman of the will concerning his conversation with decedent, on which decision was reserved, is granted as to the testator’s declarations of his testamentary intention and is otherwise denied (see Matter of Powers, 85 N. Y. S. 2d 607).
The special guardian’s report refers to a sum on deposit in the Hanover Bank which was not included in the executors’ account. The court holds that the executors properly omitted that sum as it represents the balance in a bank account under decedent’s control but which was not his property.
*321 The payments shown in the account to have been made to the attorneys for the executors are approved and an additional fee of $750 Avill be allowed out of estate funds to each of the three attorneys presently representing the respective executors, plus $495.72 disbursmonts to attorney Vreeland. Said fees shall cover services to the estate through the completion of all pending proceedings, including this final accounting. No additional sum is allowed to the former attorney for Dimitar Petroff as executor. Accountant Berdon’s additional fee, payable out of estate funds, is fixed at $1,000.
The foregoing rulings dispose of all objections herein other than special guardian’s objection 6 which has been withdrawn, and his objection 2 which is dismissed.
Upon the filing of supplemental account, a decree may be submitted on one day’s notice.