**ST. LOUIS UNION TRUST COMPANY and Walter Conrad Schmidt, Executors Under the Will of Katherine Herkert, Deceased, Respondents,**

v.

*Albert D. KRUEGER, Executor Under the Will of William Herkert, Appellant,*

and

**Walter Conrad Schmidt, Respondent.**

No. 49672.

Supreme Court of Missouri,

En Banc.

April 13, 1964.

G. H. Suelthaus and Louis M. Kohn, St. Louis, for appellant.

Greensfelder, Hemker & Wiese, Forrest M. Hemker, James L. Hawkins, St. Louis, for respondent.

HYDE, Judge.

This action brought by the executors of the estate of Katherine Herkert, for declaratory judgment for the construction of her will, was heard in Division Two and an opinion adopted affirming the judgment of the trial court but the case was transferred to the Court en Banc. The determination sought was whether claims,

family allowance, taxes including federal estate tax and other charges against testatrix's estate must be deducted from the gross value of her estate before computing the amount of one-half of her estate to go under her will to the estate of her husband William F. Herkert, who died about thirteen months after her death. His executor appealed from the trial court's determination that these charges must be deducted and shows that such deductions make a difference of more that $60,000.00 in the amount his estate would receive so we have jurisdiction because of the amount involved.

In addition to the introductory and attestation clauses, the will contained twenty-three separately numbered paragraphs, the first two and the twenty-second were as follows:

"FIRST: I direct that all my just debts, the expenses of my funeral and of my last illness shall be paid out of the estate by my executors hereinafter named as soon after my death as may be practicable.

"SECOND: I hereby give and bequeath unto my husband, WILLIAM F. HERKERT, one-half of my estate, if living. Should my husband predecease me, I hereby give and bequeath my said husband's share to my nephew, WALTER CONRAD SCHMIDT, son of my brother Conrad Schmidt, deceased.

"TWENTY-SECOND: To my nephew, Walter Conrad Schmidt, son of my brother Conrad Schmidt, deceased, I hereby give and bequeath all the remainder of my estate not otherwise herein given or bequeathed."

The third through the twenty-first paragraphs made general monetary bequests, each for a specific amount, to various charities, employees and relatives, all of which total $76,600.00. The twenty-third clause appointed plaintiffs her executors. Appellant contends that the correct approach to resolve the issue on this appeal is to determine which of the beneficiaries under the will is to bear the burden of the various charges and claims against and expenses of the estate, and he asserts that it should be the residuary legatee. Respondents contend, on the other hand, that the correct approach is to determine the quantum of that of which William F. Herkert is to receive one-half, and they assert that it is the net or distributable part of the estate as defined by the trial court.

■ Appellant contends that the bequest to a surviving spouse should not be reduced by any portion of the federal estate tax except on property received by the surviving spouse which contributes to or causes a part of the federal estate tax, relying mainly on Hammond v. Wheeler, Mo. Sup., 347 S.W.2d 884, in which no will was involved. Likewise in Jones v. Jones, Mo., 376 S.W.2d 210, more recently decided by the Court en Banc no will was involved. Of course, as these cases show, testatrix could have expressly provided in her will where the burden of the federal estate tax and other claims or charges should fall, but, since she did not do so, we must decide this case on what she did say. The problem is the interpretation of the will. As we said in Housman v. Lewellen, 362 Mo. 759, 244 S.W.2d 21, 23: "The keystone of construction in determining the meaning of any will is the intent of the testator. This intent must be gathered from the whole will. * * * When the intent of the testator is found, the proper construction of the will is solved." When the proper construction of the will is solved, the question of the amount to which appellant is entitled will be solved.

■ In construing the will, we adopt part of the Divisional opinion as hereinafter set out without quotation marks. It must be presumed that the testatrix, as an adult person mentally capable of managing her affairs and making her will, knew that the various charges imposed by law against the property of her estate would have to be paid by her executors before the legatees designated in her will could be paid the

various amounts from her distributable estate. Until the amount of these various charges against the property of an estate is ascertained "the amount of the estate for the purposes of division [between the legatees] cannot be determined." Blakeslee v. Pardee, 76 Conn. 263, 56 A. 503. Therefore, in the absence of an express direction on the part of the testatrix concerning the source of the money necessary to pay these charges, it is reasonable to assume and we conclude that she intended that they be paid from her gross estate, and that she further intended that the bequests be effective only as to that part of her gross estate over which she has the power or right to direct to whom it goes, which is the net or distributable estate remaining in the hands of her executors after the payment of the various charges imposed by law. See Estate of Kirby, 199 Cal. 135, 248 P. 517.

No previous case in this state has been found ruling the precise issue here presented, but the conclusion and result we have reached is in accord with the cases we have found from other jurisdictions which have expressly considered the matter. In addition to Blakeslee v. Pardee, supra, and Estate of Kirby, supra, see In re Momand's Estate, 13 Misc.2d 990, 177 N.Y.S.2d 115, where it was said that "absent some provision to the contrary, debts and administration expenses are deducted in computing the value of an estate when a fraction thereof has been bequeathed." See also Wells v. Menn, 158 Fla. 228, 28 So.2d 881, 169 A.L.R. 892, 897, where it was said: "We approve the better rule which provides that when a testator devises ten per cent of his estate, or any fractional part thereof, to a named beneficiary it has reference to ten per cent of the net or distributable part of the estate." Other cases in which the precise question has been considered include In re Petroff's Estate, 5 Misc.2d 318, 159 N.Y.S.2d 735; In re McLennan's Estate, McRae's Appeal, 179 Mich. 595, 146 N.W. 265; Briggs v. Hosford, 22 Pick. 288, 39 Mass. 288; Smith

v. Terry, 43 N.J.Eq. 659, 12 A. 204; In re Mass' Will, Sur., 65 N.Y.S.2d 93. See also the cases, which include some of the above, cited in the annotation in 169 A.L.R. at p. 903 entitled "Base for determination of amount of bequest of a specific per cent or proportion of 'estate' or 'property.'" An interesting analogy may be found in In re Gardner's Estate, 35 N.J.Super. 163, 113 A. 2d 527, where it was held that "where a specific legacy is followed by a gift of a fraction of the entire estate, the reference to the entire estate pertains only to the property remaining after the specific legacy has been paid." In this case, the gift of the fractional part of the estate follows the payment of the charges imposed by law against the estate, and those charges are superior in preference to the gift of a specific bequest.

In Baylor v. National Bank of Commerce of Norfolk, 194 Va. 1, 72 S.E.2d 282, 284, the court said: "The widow's basic contention is that the testator, by the bequest to her in the following language: 'I also give and bequeath unto my said wife, Anne L. Baylor, absolutely, one-third of my personal estate,' intended that she should receive one-third of his personal estate without diminution by reason of debts, costs of administration, funeral expenses and death taxes." This contention was rejected by the court, citing the Florida case of Wells v. Menn, supra, and the A.L.R. annotation following it, 169 A.L.R. 903, holding that costs of administration, funeral expenses and debts were deductible in determining the base for ascertaining the fractional part of the estate bequeathed to the widow, since the testator did not otherwise direct. Deduction of the federal estate tax was also required, although Virginia had an apportionment statute, because the testator directed payment of federal taxes in Item 1 of his will directing payment of his debts and funeral expenses.

We find another persuasive clue to the intent of the testatrix in the second sentence of the second paragraph where

she states, if her husband predeceases her, "I hereby give and bequeath *my said husband's share* to my nephew, Walter Conrad Schmidt." (Emphasis ours.) Of course, there could be no marital deduction to apportion if her husband predeceased her so that this share going to the nephew would surely be a share of what was left after payment of federal estate taxes. Thus, by making no distinction between the share to go to her husband if he outlived her and the share to go to her nephew if her husband died first, it appears that in either event the portion of her estate devised was intended to be the same. This provision strongly indicates the testatrix's intent to be that her husband's share would be one-half of her net estate available for distribution after payment of all debts, claims, administration expenses, taxes, including federal estate taxes, and other lawful charges. In view of all these considerations, we hold that is the meaning of the will.

Appellant in his supplemental brief in Banc continues to argue that this construction of the will means that Mr. Herkert's share will be bearing the burden of one-half of the charges against the estate, including the federal estate tax, which he says is contrary to the doctrine of judicial equitable apportionment and means that Hammond v. Wheeler, supra, is no longer to be followed. However, we are deciding this case on what the will means and when that meaning is decided there is nothing else to consider because the will governs. Neither intestacy nor renunciation statutes nor the doctrine of equitable apportionment have anything to do with it because the will settles it. Appellant also cites Sec. 473.620, RSMo, V.A.M.S., the abatement statute, which he says is also an apportionment statute, claiming it shows that Mr. Herkert's bequest should not bear the burden of one-half of the charges against the estate, saying it provides they should be borne by the residue. However, this statute states in paragraph 1 that it is "subject to the provisions of the will";

and in paragraph 3 that property "shall be apportioned in the manner found necessary to give effect to the intention of the testator." We have decided what the will meant for Mr. Herkert to get and therefore the statute is inapplicable in this case.

The judgment is affirmed.

All concur.