**FIRST NATIONAL BANK OF JOPLIN, Plaintiff,**

v.

**Jack SOLOMON et al., Defendants,**

**Mort Allen, Jr., Individually and as Executor of the Estate of Ella Allen, Deceased, Appellant,
and
Morris Kurtz, Henry Kurtz and Ruth Witschner, Respondents.**

No. 52270.

Supreme Court of Missouri,
Division No. 1.

Feb. 13, 1967.

Motion for Rehearing Denied March 13, 1967.

Edward T. Wright and George D. Pittman, Jr., St. Louis, for appellant.

Jack Z. Krigel, Kansas City, for respondents Morris Kurtz, Henry Kurtz and Ruth Witschner.

LAURANCE M. HYDE, Special Commissioner.

Action by executor to construe will and codicils. The contested issue is whether the second codicil to the will of Lee Rothschild, deceased, revoked all devises and bequests to Mort Allen, Jr., and Ella Allen (now deceased) as residuary devisees. The amount which they would lose if respondents Morris Kurtz, Henry Kurtz and Ruth Witschner prevail is $26,000.00, so that we have jurisdiction (Sec. 3, Art. V, Const., Sec. 477.040 RSMo V.A.M.S.) Apparently the will also disposed of real estate. Appellants have appealed from the judgment entered on respondents' motion for summary judgment, adjudging that appellants have no interest in the residuary estate.

Paragraphs VIII, XII and XIII of the will dated November 26, 1957, were as follows:

"VIII. I give and bequeath to Jackie Collins and Virginia Collins, share and share alike, the sum of Three Hundred ($300.00) Dollars, to them and their heirs forever. * * *

"XII. All the rest, residue and remainder of my estate, after the payment of the above bequests, real, personal or mixed, I give, devise and bequeath to Ella Allen, Mort Allen, Jr., Sue Perry, Morris Kurtz, Henry Kurtz and Ruth Witschner, share and share alike, to them and their heirs forever.

"XIII. In the event of a common catastrophe in which both my wife and I should lose our lives, and in the event that I survive my wife even for a matter of minutes, I further give, devise and bequeath the be-

quests mentioned in Paragraphs two and three above, which I have bequeathed to my wife, Lillian Rothschild, to Ella Allen, Mort Allen, Jr., and Sue Perry, share and share alike, to them and their heirs forever."

The first and last paragraphs of the first codicil of September 2, 1960, were as follows:

"WHEREAS I, LEE ROTHSCHILD, of Joplin, Missouri, have, by my. last will and testament in writing, duly executed, bearing date of November 26, 1957, given and bequeathed in Paragraph Eight (8) of said will, certain bequests to Jackie Collins and Virginia Collins and I desire that this bequest in Paragraph Eight (8) be totally void and held of no effect. * * * (The second, third and fourth paragraphs put in trust all property going to the testator's wife with the First National Bank of Joplin as trustee.) * * *

"Now I, the said Lee Rothschild, do make this codicil to my said will, having heretofore revoked Paragraph Eight (8) of said will, and having established a trust estate for my said wife, Lillian Rothschild. And I do ratify and confirm my said will in everything except where the same is hereby revoked and altered as aforesaid."

The second codicil of August 15, 1962, was as follows:

"WHEREAS I, LEE ROTHSCHILD, of Joplin, Missouri, have, by my last will and testament in writing, duly executed, bearing date of November 26, 1957, given and bequeathed in Paragraph Eight (8) of said will, certain bequests to Ella Allen and Mort Allen, Jr. and I desire that these bequests in Paragraph Eight (8) be totally void and held of no effect.

"Now, I, the said Lee Rothschild, do make this second codicil to my said will, having heretofore revoked Paragraph Eight (8) of said will pertaining to Ella Allen and Mort Allen, Jr. And I do ratify and confirm my said will in everything except

where the same is hereby revoked and altered as aforesaid."

■ Of course, we follow the well settled rule of construction of wills "that a codicil is to be regarded as a subsequent clause of the will, and they are to be considered as one instrument and construed as such," Malone v. Moberly, Mo.App., 55 S. W.2d 1008, 1009, and cases cited. However, "the principle is perfectly clear that where you have a distinct disposition made by a will, that disposition cannot be revoked by a codicil except through the medium and use of words equally distinct." 1 Jarman on Wills, 8th Ed., 203; see also 57 Am.Jur. 419, Wills, Sec. 612; 59 A.L.R.2d 89, Annotation.

In First National Bank of Kansas City v. University of Kansas City, Mo.Sup., 245 S.W.2d 124, 128, we thus stated this principle: "The clear, plain and positive terms of a will are not changed by a subsequent clause unless the subsequent clause is as clear, plain and unequivocal as the prior clauses. This, however, is nothing more than an application of the general rule that the intention of the testator must be ascertained from the will as a whole, for in no such case would the weaker provisions be permitted to overthrow the stronger." See also Middleton v. Dudding, Mo.Sup., 183 S.W. 443, 445; Barnhardt v. McGraw, 319 Mo. 680, 5 S.W.2d 77, 80; St. Louis Union Trust Co. v. Kelley, 355 Mo. 924, 199 S.W. 2d 344, 350; see also other cases cited under ☞472, West's Missouri Digest, Wills.

■ In this case, the will contained two paragraphs XII and XIII which named Ella Allen and Mort Allen, Jr., as devisees; and it appears that they would have received at least twice as much under Paragraph XIII as under Paragraph XII, which was the one that became effective since the testator's wife did survive him. The second codicil did not say *all bequests* to Ella Allen and Mort Allen, Jr., were to be void but only *"certain bequests"* given in a single paragraph designated as Paragraph 8. Of

course it is apparent that the second codicil either did not designate an intended paragraph or perhaps not intended persons, but nevertheless it is not apparent which of the subsequent paragraphs was intended, even if the intended persons were named. Furthermore, there is nothing in this codicil to identify the residuary clause (which also included an interest in real property) as the one intended and the term "certain bequests" indicates otherwise. Therefore, it is obvious that the terms of the second codicil are not as clear, plain and unequivocal as the language of Paragraphs XII and XIII.

Respondents claim that under the rule of Sec. 474.430, RSMo V.A.M.S., the true intent and meaning of the testator can be determined from the will and the codicils construed as one instrument, citing cases stating that rule and saying a palpable error of reference should be disregarded. McMahan v. Hubbard, 217 Mo. 624, 118 S.W. 481, 484; Baker v. Grossglauser, Mo.Sup., 250 S.W. 377, 379; Burrier v. Jones, 338 Mo. 679, 92 S.W.2d 885, 887. Perhaps the cited case nearest in point is Burkholder v. Burkholder, 412 Ill. 535, 107 N.E.2d 729, in which the third paragraph of the testator's will devised land to his wife for life with power to use or dispose of it; but the fourth paragraph (which did not mention any property) provided "the property mentioned in the fourth paragraph" undisposed of at his wife's death should go to his children. The court said: "Apparently, the reference to 'the property mentioned in the fourth paragraph' was an inadvertent error. The context makes it clear that the third paragraph was intended. The parties have so construed the will, and we agree with that construction." The trouble here is the parties do not agree on construction and we do not consider (even if designation of Paragraph Eight was inadvertent) that the context of the will and the codicils makes it clear whether reference to either Paragraphs XII and XIII was intended. The fact that the conditions which would have made Paragraph XIII applicable never occurred cannot make any difference because it could not have been known at the time the second codicil was executed whether or not they would occur.

It appears that, while respondents claim to seek interpretation of the will and the codicils, they are really seeking reformation of the second codicil. As written it has no effect whatever on either provision of the will for appellants. It is stated (45 Am.Jur. 597, Reformation of Instruments, Sec. 27): "A court of equity has no jurisdiction over a suit to reform a will, at least a will not made in pursuance of a contract." Several reasons are stated, such as (1) "[A]n action to reform a written instrument is in the nature of an action for specific performance and requires a consideration for its support"; (2) "[T]he statute of wills provides for devolution of property by wills actually made, and not by wills persons intend * * * to make but do not make"; (3) when a will has been admitted to probate, this "is the judgment of the court that the instrument, just as it is written, is the last will and testament of the testator," and "such judgment cannot be attacked collaterally." It is further stated courts "will admit extrinsic evidence where the effect of it is merely to explain or make certain what the testator has written but never to show what the testator intended to write." In Goode v. Goode, 22 Mo. 518, 522, this court said: "This action is substantially a proceeding to correct a mistake in a will, and we hesitate not to declare that such a proceeding cannot be allowed or sustained * * *. Admit this doctrine, and you may as well repeal the statute requiring wills to be in writing, at once. Witnesses will then make wills and not testators." See also Lomax v. Lomax, 218 Ill. 629, 75 N.E. 1076, 1079, 6 L.R.A.,N.S., 942; see also Annotation, Mistake of Draftsman, 90 A.L.R. 2d 933, 949.

The judgment is reversed and the cause remanded with directions to enter a judgment that the residuary estate of the testator Lee Rothschild be distributed in six equal parts to Mort Allen, Jr., Mort Allen,

Jr., as executor of the estate of Ella Allen, deceased, Sue Perry, Morris Kurtz, Henry Kurtz and Ruth Witschner.

PER CURIAM:

The foregoing opinion by HYDE, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.