C. W. REED, III, Executor of the Estate of C. W. Reed, II, C. W. Reed, III, Lena Reed and Roger Alan Reed, Plaintiffs,

v.

UNITED STATES of America, Defendants.

No. 68 C 509(3).

United States District Court,
E. D. Missouri, E. D.

July 2, 1970.

Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for plaintiffs.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

REGAN, District Judge.

██ This is an action for refund of federal estate taxes and interest. We have jurisdiction under Section 1346(a) (1), 28 U.S.C. The sole controverted issue is the correctness vel non of the Commissioner's calculation of the marital deduction. The relevant facts have been stipulated and are not in dispute.[1]

Decedent died testate, survived by his widow and one son. His will directs the payment of his debts, including the expenses of his last illness and funeral, makes a number of specific bequests of personal and real property (including one parcel of real estate to his wife), and leaves the residue to his wife "absolutely."

Upon audit, the Commissioner of Internal Revenue determined that the value of decedent's gross estate was $804,-450.60. After debts and administration expenses totaling $14,741.88 were paid out of the residue of $84,904.53, the value of all interests in property passing from decedent to his surviving spouse aggregated $300,525.00, including $22,-611.94 non-probate property. The total is less than the maximum marital deduction permitted by law.

Section 2056(a) and (c) of the Internal Revenue Code of 1954 provides that for purposes of computing the estate tax, the value of the taxable estate shall be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property included therein which passes or has passed to the surviving spouse, not to exceed 50 per cent of the value of the adjusted gross estate. In calculating this marital deduction, the Commissioner determined that the deduction should be reduced by the amount of federal estate taxes which he allocated to the share of the surviving spouse. To this end, he first eliminated the entire residue remaining after payment of debts and expenses ($70,162.65), his position being that absent an expressed intention in the will to the contrary, the residue must first be exhausted, and he then allocated a portion of the remaining estate tax to other property passing to the surviving spouse.

Section 2056(b) (4) (A) of the Internal Revenue Code of 1954 provides that in determining the value of the property passing to the surviving spouse for purposes of the marital deduction there shall be taken into account the effect which the estate tax has on the net value to the surviving spouse of such interest.[2] Hence, the question here

---

1. Parole testimony was offered by plaintiff as to testator's intent to place the estate tax burden on his son which was taken subject to objection. Plaintiff's theory in offering this evidence is that extrinsic evidence is admissible to remove any latent ambiguity in the will. We do not find a latent ambiguity in the will. Extrinsic evidence is admissible only where the effect thereof is to explain or make certain what the testator has written but not to show what he may have intended to write. First National Bank of Joplin v. Solomon, Mo., 412 S.W.2d 458, 461. We now sustain the govern-ment's objection and do not take this evidence into account in reaching our decision.

2. A contention of plaintiff which does not warrant extensive discussion is that Section 2056(b) (4) (A) has no application whatever, there being no life estate or other terminable interest. Plaintiff's theory, too involved to be set forth in full, is based on the fact that in the 1954 Code, Section 2056(b) (4) is a subparagraph of Section 2056(b) which is entitled "Limitation in the Case of Life Estate or Other Terminable Inter-

presented is whether under Missouri law the widow's share of the estate (and thus the amount eligible for the marital deduction) must share in and be reduced by the federal estate tax. If so, the Commissioner's determination must be sustained.

■ The federal estate tax is, of course, imposed on the transfer of a decedent's "net estate". The net estate is determined by deducting from the value of the "gross estate" various allowable deductions including the marital deduction. The tax is a lien on all property in the gross estate, including the share of the surviving spouse constituting the marital deduction. However, although "(t)he underlying purpose [of the marital deduction] was to equalize the incidence of the estate tax in community property and common-law jurisdictions," Northeastern Pennsylvania National Bank & Trust Co. v. United States, 387 U.S. 213, 219, 87 S.Ct. 1573, 1576, 18 L.Ed.2d 726, "(t)he law which controls the ultimate placing of the estate tax burden is the law of the State in which the estate is being administered." United States v. Goodson, 8 Cir., 253 F.2d 900, 902. What these undisputed principles of law mean in the context of the instant facts is simply that even though the surviving spouse's share of the estate constitutes a marital deduction, Missouri law governs as to whether the surviving spouse should receive the benefit of the tax saving attributable to the deduction.

■ Initially, it is for the testator to specify the amount bequeathed to his spouse and other legatees. If his intent clearly appears to charge the residue or any other property passing to the widow with the federal estate tax, that is the end of the matter. St. Louis Union Trust Co. v. Krueger, Mo., 377 S.W.2d 303. To the end of determining what, if any, intent is spelled out in the will, we have carefully studied and analyzed that instrument. In our judgment, no intent to charge the widow's share, including that portion constituting the residue, with any portion of the federal estate tax is either expressed or to be inferred from the language employed.

■ Although Article I of the will directs the payment of all of testator's "just debts" out of his personal estate, if possible, it is well settled that in the context in which the word "debts" is here used, a tax, and in particular a federal estate tax, is not a "debt" under Missouri law. Cf. Hammond v. Wheeler, Mo., 347 S.W.2d 884, and Jones v. Jones, Mo., 376 S.W.2d 210.

The Commissioner urges that St. Louis Union Trust Co. v. Krueger, supra, is applicable in principle, insofar as it finds an intent in the will to charge the surviving spouse's share with a proportionate part of the federal estate tax. We do not agree. *Krueger* dealt with the bequest of a one-half interest in the estate to the surviving spouse, with the provision that if he predeceased the testatrix the husband's "share" should go to his nephew. Considering the language of this bequest together with all the other provisions of the will, the court held that it was the obvious intention of the testator that the fractional share of the estate which was bequeathed to the spouse was only that portion of the net estate which re-

est," whereas in the comparable provision of the Revenue Act of 1948 such was not the case. On this premise, plaintiff urges that we must give effect to the revised statutory structure as opposed to the clear meaning of the language employed. However, it is inconceivable to us that Congress would have made so drastic a change in the law in such a casual left-handed manner, with no discussion or other clue to such purpose. Admittedly, there is no reported case which is con-

sistent with the construction of the statute for which plaintiff contends, although there are many which necessarily assume that Section 2056(b) (4) (A) is applicable. See, e. g., Estate of Whipple v. United States, 6 Cir., 419 F.2d 494 and Cox v. United States, 5 Cir., 421 F.2d 576. The applicable Treasury Regulation (26 CFR, Sec. 20.2056(b)–4(c)) is a contemporary construction of the statute adverse to plaintiff which has not heretofore been questioned.

mained after payment of all lawful charges, including estate taxes. The court stressed the fact that it was the husband's share which was to go to the decedent's nephew in the event the husband predeceased testatrix, a provision which, in the court's view, strongly indicated that this "share" could only be a share of the net estate after payment of all charges, including federal estate taxes.

The present case does not involve a bequest of a fractional share in the estate. And no clue to testator's intention comparable to the bequest over in *Krueger* to charge the residue with the tax is to be found in the will. Since *Krueger* was decided on the basis of what the Missouri Supreme Court held was the "meaning of the will," which evidenced the affirmative intention of the testatrix that the estate taxes be paid out of the gross estate before ascertaining the share of the husband, that case constitutes no authority to support the Commissioner's determination where, as here, we do not find any language in the will which discloses the intention of the testator, either expressly or by implication, that either the residue or any other portion of the widow's share pass subject to the burden of the federal estate tax. We are therefore remitted to the law of Missouri which applies in those situations in which such a testamentary intent is not to be found in the will.

Unlike a number of other states, Missouri has no apportionment statute. "Those statutes in the main were intended to prevent the burden of the federal estate tax from falling on residuary legatees and to cause each person who took from a decedent to pay that part of the tax which accrued by reason of the value of the property which he took. Most of those statutes, either specifically or as construed by the courts, provide that any deduction allowed the surviving spouse shall inure to the benefit of such spouse and, thus, the surviving spouse pays no federal estate tax by reason of the fact that he received a portion of his decedent's estate which constituted a marital deduction." Hammond v. Wheeler, Mo., 347 S.W.2d 884, 890.

In Carpenter v. Carpenter, 364 Mo. 782, 267 S.W.2d 632, the Missouri Supreme Court squarely rejected the position that under Missouri law the federal estate tax must necessarily be borne ultimately by the residuary legatee, unless the will directed otherwise. Instead, the Court held that equitable principles should be applied in determining the ultimate burden of the tax.

*Carpenter* involved a "true apportionment question" in that each of the parties was receiving property from the decedent and each was sharing a portion of the tax. The will there construed directed that federal estate tax "upon" bequests made therein be paid out of the estate. However, a substantial portion of the total estate tax was due by reason of the receipt by the widow of a nonprobate asset. In this situation, the Court utilized equitable principles in determining the ultimate burden of the tax as between the estate and the non-testamentary property included in the "gross estate" for tax purposes, where the will expressed no clear intent as to who should bear the ultimate burden of the estate tax attributable to the non-testamentary property. As stated in Hammond v. Wheeler, supra, "the basic principle involved in the disposition of the Carpenter case was that each of those who took property from the decedent (where decedent's intent did not appear to the contrary) should bear his share of federal estate tax by paying that part of the tax which accrued because of the value of the property he received."

In *Hammond*, the Missouri Supreme Court extended the *Carpenter* principle to apply to a widow who elected to take against the will and by reason thereof became entitled to one-half of the estate "subject to payment of debts." Taking note of the fact that the share to be received by the widow "did not cause or contribute to the amount of the federal estate tax on her decedent spouse's estate", the Court held that it would "be inequitable and grossly unjust to require a

surviving spouse to pay a portion of the federal estate tax on the deceased spouse's estate solely by reason of the fact that the surviving spouse receives a statutory share of the estate which is not taxed and receipt of which share does not cause or contribute to cause any part of the tax." On this basis, the court concluded that the share so received by the widow, to the extent it did not exceed the marital deduction, should be received undiminished by any charge for federal estate tax. The continuing vitality of this doctrine of equitable apportionment after the enactment of the Missouri Probate Code in 1955 was affirmed in Jones v. Jones, Mo., 376 S.W. 2d 210.

■ It is thus apparent, at least absent a controlling statute, that except where the decedent's intention to subject the interest of the surviving spouse to the burden of the federal estate tax clearly appears from the language of the will, as in *Krueger,* supra, Missouri is committed to the doctrine of equitable apportionment, whereby the interest received by a surviving spouse to the extent it does not contribute to the tax should not be burdened by any part thereof.

■ The Commissioner argues, however, that Section 473.620, subsection 1, Revised Statutes of Missouri, is a controlling statute precluding application of the doctrine of equitable apportionment. We do not agree. That statute, by its very terms, relates to abatement, not apportionment, and provides for the order in which, *when necessary,* shares of distributees under a will shall abate if such

order of abatement is not inconsistent with the testamentary intent.

The Missouri courts have not definitively construed Section 473.620, subparagraph 1.[3] Many considerations militate against the statutory construction contended for by the Commissioner. Initially, we note that this statute was enacted as part of the Probate Code of 1955. As the Committee Comment states, this and the following section were taken from sections 184 and 185 of the Model Probate Code. Of importance is the fact that the order of abatement contained in the Model Code provision is in conformity with the pre-existing common law, but that unlike the common-law rule, in which personal property was first resorted to, real and personal property are now treated alike. The obvious purpose of the statute was simply to modify the common law only to the extent of placing real and personal property on a par.

There is not the slightest suggestion in the notes to the Model Code nor in the Committee Comment to Section 473.-620, of any legislative intent to modify or otherwise affect the judicial doctrine of equitable apportionment. On the contrary, inasmuch as the legislature was aware of the potential impact upon estate tax liability of language used by it, as was pointed out in Jones v. Jones, supra, 376 S.W.2d 210, it reasonably follows that had the legislature intended to eliminate equitable apportionment as applied to a testate situation such as here present, such intent would have been made explicit.[4] Fortifying our conclusion as to the legislative intent is the

3. The only mention of this statute in any reported case is in St. Louis Union Trust Company v. Krueger, supra, 377 S.W.2d at page 306, as follows:
    "Appellant also cites Sec. 473.620, RSMo, V.A.M.S., the abatement statute, *which he says* is also an apportionment statute, claiming it shows that Mr. Herkert's bequest should not bear the burden of one-half of the charges against the estate, saying it provides they should be borne by the residue. However, this statute states in paragraph 1 that it is

'Subject to the provisions of the will'; and in paragraph 3 that property 'shall be apportioned in the manner found necessary to give effect to the intention of the testator.' We have decided what the will meant for Mr. Herkert to get and therefore the statute is inapplicable in this case."

4. See also quotation from the Final Report of the Joint Probate Laws Revision Committee to the Sixty-eighth General Assembly (1955) in Phelps v. Bookwalter, D.C.Mo., 210 F.Supp. 801, 805.

fact that in lieu of that portion of the Model Code provision to the effect that "* * * shares of the distributees shall abate, for the payment of *claims*, legacies, the family allowance, the share of pretermitted heirs or the share of the surviving spouse who elects to take against the will, * * * in the following order," the Legislature provided instead that *"(w)hen it is necessary* that there be an abatement of the shares of the distributees, they shall * * * abate * * * in the following order." The changed language is significant because, as pointed out in Jones v. Jones, supra, the definition of the word "claims" in the Missouri Probate Code (prior to its amendment in 1957) included the words "all estate and inheritance taxes", so that had the Model Code provision been copied verbatim, the inclusion of the phrase "for the payment of claims" might have provided a legislative direction regarding the burden of the tax.

█ We also take note of the reference to "apportionment" in subsection 3 of the statute. That subsection provides:

"If the provisions of the will or the testamentary plan or the express or implied purpose of the devise would be defeated by the order of appropriation and application prescribed by subsection 1 hereof, the property of the testator shall be apportioned in the manner found necessary to give effect to the intention of the testator."

The context in which the word "apportionment" is used in subsection 3 clearly indicates the legislative purpose in differentiating between abatement and apportionment. And although we have held that the will evidences no testamentary intent to charge the widow's share with the estate tax, it appears to us that the general "testamentary plan" and the "implied purpose of the devise", as well as the purpose of the use of the word "absolutely" in the bequest of the residue would be defeated if subsection 1 were applied to reduce the widow's share.

In our view, the purpose of Section 473.620 can be effectuated without abandoning or emasculating the doctrine of judicial apportionment. The section would come into effect only "when it is necessary," after the estate tax has theretofore been apportioned in accordance with the doctrine of equitable apportionment. That is to say, whether the necessity for apportionment exists is to be determined after, and not before the interest of the surviving spouse constituting the marital deduction has been taken by the spouse unburdened with the estate tax.

Having found that under Missouri law the value of the interest in property passing to decedent's surviving spouse should not be reduced by the federal estate tax, it follows that the Commissioner was in error in reducing the widow's share of the estate, including the residue by deducting therefrom a part of the federal estate tax. Plaintiffs are entitled to recover. The stipulation filed by the parties herein provides that in the event the Court finds for plaintiffs, the parties will within a reasonable time submit to the Court an agreed form of judgment, since the amount of recovery is purely a matter of computation. Accordingly, the parties are hereby directed to submit to the Court within 30 days hereof, a form of judgment in favor of plaintiffs consistent with this memorandum opinion.

The Court adopts the stipulation of facts agreed to by the parties as its findings of facts. Our conclusions of law are set out in this memorandum opinion.