**ST. LOUIS UNION TRUST COMPANY, as Trustee Under the Provisions of the Last Will and Testament of Irene B. Hoffman, Deceased, Plaintiff-Appellant,**

v.

**Merlie Oliver BRUG et al., Defendants-Respondents.**

**No. 38349.**

Missouri Court of Appeals,
St. Louis District,
Special Division.

Oct. 18, 1977.

R. H. McRoberts, Jr., G. William Weier, St. Louis, for plaintiff-appellant.

James A. Pudlowski, Leo Lyng, Joseph B. Dickerson, Jr., Charles Alan Seigel, St. Louis, for defendants-respondents.

DONALD L. MASON, Special Judge.

In this court-tried case plaintiff, as trustee under the last will and testament of Irene B. Hoffman, sought determination "as to whether or not plaintiff has authority to sell its interest in the real property described" in the will; and in the event a negative decision be rendered requested the Court to "order the will reformed so as to provide authority in plaintiff to sell its interest in such real property." Plaintiff also prayed that it be allowed attorney's fees and court costs from the trust estate. Suffering an adverse judgment, the plaintiff now appeals alleging the judgment of the trial court in decreeing that the plaintiff did not have the authority to sell real estate was against the weight of the evidence; and further, the refusal of the trial court to allow attorney's fees and court costs to be collected from the trust estate was against the weight of the evidence and an erroneous application of the law.[1]

Inasmuch as the judgment of the trial court will be sustained "unless it is against the weight of the evidence . . . · or unless it erroneously applies the law," *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), the errors leveled at the trial court require an examination of the evidence and of the testamentary document.

The function of a court is to construe a will as written by the testatrix and not make or rewrite one for the testatrix under the guise of construction, *First National Bank of Kansas City v. Danforth,* 523 S.W.2d 808 (Mo.1975). In performing this task we must consider the will as a whole and not give undue preference to any particular clause. When the intent of the testatrix is found, the proper construction is achieved, *Mercantile Trust Company National Association v. Jaeger,* 457 S.W.2d 727 (Mo. banc 1970); *Scullin v. Mercantile-Commerce Bank & Trust Company,* 361 Mo. 337, 234 S.W.2d 597 (1950).

In the brief trial plaintiff's trust officer testified that the Trustee had some doubt whether it had the power to sell real estate held under Item VII of the testamentary document and that one of the title companies had declared they would not pass title absent a court declaration of said power. As two of the three tracts of real estate produced no income and the third tract of real estate produced only minimal income, the trustee was of the opinion that it would be in the best interest of the trust estate to sell the real estate and invest the proceeds in income producing property.

1. In its brief appellant also alleged error in the reception of certain testimony from the single defendant who testified, but that point was abandoned on oral argument.

No precedential value would be gained by a dissertation of the lengthy provisions of the testamentary document,[2] *Hereford v. Unknown Heirs, et al.,* 292 S.W.2d 289, 293 (Mo. banc 1956). Item VI grants extensive and discretionary powers to the trustee including the power to sell. Item VII(a) of the trust document specifically provides, in part, that the net income from a described tract of real estate be paid to identified great grandchildren; and upon the death of the last survivor of those great grandchildren, the real estate would be distributed as provided in subparagraph (d). Item VII(b) of the trust document specifically provides that a three-acre tract of real estate be held by the Trustee for the sole benefit of, including payment of net income to, an identified great grandson and granted to him the power of appointment. If he failed to exercise that power of appointment, the described real estate would be distributed equally to the surviving great grandchildren identified in subparagraph (a); and if none of them survived, then to the heirs at law of the great grandson who was the original beneficiary. Inasmuch as that great grandson survived the testatrix, the additional provisions are not germane. The third tract of real estate was detailed in subparagraph (c) which provided that the net income be paid to a daughter and the children of that daughter. Upon the death of the last of these identified beneficiaries, this tract of real estate was to be distributed as provided in subparagraph (d).

Subparagraph (d) directed the trustee to pay monthly amounts from "the balance of the property held in trust" to a daughter and to each grandchild and great grandchild who survived the testatrix. Subparagraph (d) further provided that upon the death of the last surviving income beneficiary, the assets comprising the trust estate "shall be paid over free of the trust in such proportions and to such persons and organizations as such last survivor" shall appoint; and upon the failure of appointment, the trust estate was to be distributed in accordance with the laws of Missouri pertaining to those persons who died intestate.

It is obvious, and with no ambiguity, that the testatrix did not intend to grant to the trustee the power to sell the three tracts of real estate. She specifically described this part of her trust estate and made unequivocal provisions as to the distribution of the net income and the use of this real estate, and for final distribution. She recognized in subparagraph (d) that the gross income from the real estate might not be sufficient to pay taxes or assessments and insurance premiums imposed upon the respective properties by providing that the trustee could "encroach upon the principal of the *remaining trust estate*" to pay those expenses. She further directed that these expense items be charged against the individual income accounts before payment of net income and any advancement of these expense items from the remaining trust estate would be repaid when sufficient income was received. That she separated this real estate from the balance of the trust estate, to which the general powers granted to the trustee in Item VI applied, is further manifested by her specific instructions that the monthly income payments be paid only from the net income from "the balance of the property held in trust." In all of Item VII the power of sale is not granted to the trustee.

■ An examination of the entire testamentary document and the specific instructions contained in that document to which we have alluded are persuasive clues that it was the intent of the testatrix that the trustee not be granted the power to sell the real estate, and she so declared without ambiguity, *St. Louis Union Trust Company v. Krueger,* 377 S.W.2d 303 (Mo. banc 1964). Her intention is so clearly expressed there is no room for construction, *Scullin v. Mercantile-Commerce Bank & Trust Company,* supra. To declare the trustee has the power of sale of the real estate would be re-

---

2. See will contest case *Brug v. Manufacturers Bank & Trust Company, et al.,* 461 S.W.2d 269 (Mo. banc 1970).

**378**

forming the will which the Court does not have the power to do even though it might be economically wise, *First National Bank of Joplin v. Solomon,* 412 S.W.2d 458 (Mo. 1967).

In conformity with an equitable doctrine that a trust fund should bear the expense of its own administration the trustee's legal expenses are generally allowed when doubt arises as to the true construction of an instrument by which a trust is created, and there are different claimants, or where an instrument that creates a trust estate is so ambiguous that two or more persons may fairly make an adverse claim to the fund, *Lang v. Taussig,* 194 S.W.2d 743 (Mo.App.1946); *Trautz v. Lemp,* 334 Mo. 1085, 72 S.W.2d 104 (1934). The only reasons for the trustee precipitating this litigation that can be gleaned from the evidence is that the property produced only minimal income, the trustee was of the opinion that the best interest of the estate would be served by selling the property, and the owner (not a trust beneficiary) of a one-third undivided interest in the real estate wished to sell. There is no indication that any of the trust beneficiaries desired the trustee to sell or that the trustee was acting on behalf of one or more of those beneficiaries or engaged in a dispute with beneficiaries adopting an adverse position. The economic concern of the trustee cannot supplant the clear and unambiguous directions of the testatrix and form the basis for an allowance of attorney's fees.

Being of the firm belief the judgment of the trial court is correct in all respects, that judgment is affirmed.

SIMEONE, C. J., and CLEMENS and DOWD, JJ., concur.