**In the Matter of the ESTATE of Charles P. HOUGH, Deceased.**

**No. 54797.**

Supreme Court of Missouri,
Division No. 1.

Sept. 14, 1970.

Francis M. Hanna, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, for Christine Hall Hough and First National Bank of Kansas City, Ex'rs of Charles P. Houh's Estate, respondents.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for appellant.

MICHAEL F. GODFREY, Special Judge.

■ After the Probate Court of Jackson County accepted and approved the appraiser's report assessing the inheritance tax in this estate and overruled exceptions filed thereto by the executors, respondents here, an order was entered from which an appeal was taken to the circuit court of that county. The circuit court reversed, giving rise to the instant appeal. This court has jurisdiction inasmuch as a construction of Section 145.090 RSMo 1959, V.A.M.S. a revenue law of this state, is involved. Art. V, § 3, Mo.Const.1945, V.A.M.S.

By way of a brief background, the appraiser appointed by the Probate Court of Jackson County in assessing the inheritance tax in the estate, calculated the widow's exempt portion thereof as one third of the estate, there being lineal descendants, after deducting the federal estate tax, whereas the executors contend that the widow's exemption should have been determined on the basis of one third of the estate before deduction of the federal estate tax. The difference in sums of money between the two contentions amounts to $6,140.15 in

additional tax. Thus, as posed, and as stipulated to by the parties, the specific issue raised on this appeal is whether in determining the exemption available to a surviving spouse under the provisions of Section 145.090(3) of the Missouri Revised Statutes, 1959, the term "estate" as used in said section refers to the value of the property owned by the decedent before deduction of the amount paid in satisfaction of the federal estate tax or whether the term means the property owned by the decedent after deducting the amount of said tax. Since the sole issue involved in this appeal, by stipulation, is as stated above, we eliminate all other questions from consideration. In re McKinney's Estate, 351 Mo. 718, 173 S.W.2d 898, 900.

■ Since the case was submitted in the court below on a stipulation of facts the question involved here is purely one of law. A. P. Green Fire Brick Co. v. Missouri State Tax Commission, Mo., 277 S.W.2d 544. Although the parties disclaim any ambiguity in the statute, at the outset we deem it appropriate to point out that in considering a construction of the inheritance tax law we are to be guided by the legal principle set forth in the case of In re Atkins' Estate, Mo., 307 S.W.2d 420, wherein the court said at page 423: "The Rogers case has observations that the inheritance tax law is to be strictly construed against the State, and exceptions are to be liberally construed in connection with the whole body of the law involved (loc. cit. 572 [2])." See, however, the court's statement in State ex rel. Transport Manufacturing & Equipment Co. v. Bates, 359 Mo. 1002, 224 S.W.2d 996, p. 1000 [11]: "Exemptions from taxation are a renunciation of sovereignty, must be strictly construed and generally are sustained only upon the grounds of public policy."

The pertinent statute, here under consideration, Section 145.090(3), RSMo 1959, V.A.M.S., Exemptions, provides:

"All transfers of any property or beneficial interest therein (including transfers by way of homestead allowance under Section 474.290, RSMo) not exceeding the clear market value of twenty thousand dollars to a surviving spouse in addition to the clear market value of one-half of the estate of the decedent, if decedent is not survived by lineal descendents or one-third of the estate of the decedent if decedent is survived by lineal descendents. As used in this subdivision 'estate' means all property the transfer of which is subject to tax under this chapter before deducting the exemptions provided in this section, and before deducting any homestead allowance made."

In considering the resolution to the question presented herein the director of revenue, appellant here, contends that the word "estate" is defined in plain and unambiguous language as all property which is subject to the inheritance tax with two specific exceptions made to the definition, and in determining that which comprehends "estate" it is mandatory to deduct from the gross estate all property not subject to the inheritance tax with the exception of any homestead allowance and exemptions provided for in subject section. It is pointed out that the federal estate tax is not included in the two stated exceptions, and since that tax must be paid out of the estate and is thus deducted from the estate in computing the Missouri inheritance tax, it is thus clear that such amount paid for the federal estate tax is not "subject to tax" as stated in subdivision (3) of Section 145.090. Appellant, urging that the mention of one thing implies the exclusion of another, says that since the federal estate tax is not included in said section it is thereby excluded in determining "estate" and further delineates his position on the question and issue involved as one involving not whether the widow can have the federal estate tax disregarded in figuring her ultimate share in the estate but rather what portion of what the widow actually receives is exempt from the inheritance tax. Concluding, appellant points out that Section

145.090(3) does not refer to the interest in the estate to be received by any or each beneficiary but rather refers to the total amount to be received by all beneficiaries or the equivalent of all property to be distributed in the estate, making it immaterial in determining the statutory exemption the amount to be received by each beneficiary.

Thus, in essence, the position of appellant appears to be that in construing the last sentence of subdivision (3) the reference to "property subject to the tax" necessarily means the net estate after deductions since only the net estate which is actually transferred to the beneficiaries is subject to the tax.

▉ Before getting into a consideration of the component parts of Section 145.-090(3), it would be well to recognize several well-settled principles of law in the field of taxation. The federal estate tax is payable out of the decedent's whole estate and the lien thereon is against the gross estate. It is not imposed on the succession and receipt of benefits under law or decedent's will, but is a death duty on the interest which ceases because of decedent's death (Carpenter v. Carpenter, 364 Mo. 782, 267 S.W.2d 632; Sebree v. Rosen, Mo., 349 S.W.2d 865) and the executor is required to pay the tax to the collector. Sebree v. Rosen, supra; Priedeman v. Jamison, 356 Mo. 627, 202 S.W.2d 900 [4, 5]. An inheritance tax is not a tax on property but an excise or impost upon the privilege of taking property by will, inheritance, or succession upon death of owner (In re Gartside's Estate, 357 Mo. 181, 207 S.W.2d 273 [3]), and the incidence of the tax falls upon the recipient of the property, the amount of the tax being determined by the net value of the property received by the beneficiary from the gross estate. In re Gartside's Estate, supra.

▉ In considering the provisions of Section 145.090(3) it is our duty to ascertain the intention of the legislature as expressed and give to the words employed their usual and ordinary meaning. In re Tompkins' Estate, Mo., 341 S.W.2d 866 [5]. Also, we must seek to gather the intent of the legislature from the ordinary meaning of the words used, considering the whole statute and its legislative history and, if necessary, considering also the circumstances and usages of the time, the result to be accomplished thereby, and to promote the purpose and objects of the statute, and to avoid any strained or absurd meaning. St. Louis Southwestern Ry. Co. v. Loeb, Mo., 318 S.W.2d 246; State v. Tustin, Mo.App., 322 S.W.2d 179. Further, the lawmaking body's own construction of its language by means of definition of the terms employed should be followed in the interpretation of the statute to which it relates and is intended to apply and supersedes the commonly accepted dictionary or judicial definition and is binding on the courts. Producers Produce Co. v. Industrial Commission of Mo., Mo.App., 281 S.W.2d 619 [6–9].

▉ In attempting to ascertain the intent and meaning of subdivision (3), we therefore analyze the component parts thereof, dividing same into sections for comprehension and convenience, to wit: (a) all property the transfer of which is subject to tax under this chapter, and (b) before deducting the exemptions provided in this section and before deducting any homestead allowance made. In order to determine the property subject to tax reference must be had to Sections 145.020 through 145.050 which deal with and enumerate the property subject to tax under this chapter. Those sections do not provide for deductions in determining the property subject to tax; however, certain items, i. e., lawful debts, expenses of administration, year's maintenance, family allowance, personal and real estate taxes, etc., have been recognized as being deductible from the gross estate in ascertaining the net taxable estate. Thus, as contended by respondents, part (a) has a specific meaning and encompasses more than what the mere words used would import. As to

(b), it will be seen that in considering these words in relation to (a) the reasonable conclusion is that subdivision (3) has reference to something other than the net estate, the appellant's position herein; otherwise, a contrary construction would render (b) redundant and superfluous. Such construction is to be avoided if possible. See State ex rel. Kelsey v. Smith, 335 Mo. 1125, 75 S.W.2d 832 [4]. "Property," as used in the last sentence of Section 145.090(3), must mean something other than net estate as exempt transfers may be includable therein though not subject to tax laws.

In our endeavor to construe the provisions of subdivision (3) a summary of the historical background, circumstances, and conditions existing at time change was made becomes imperative. Darrah v. Foster, Mo., 355 S.W.2d 24.

With the passage of the Probate Code of 1955 substantial changes were wrought in this state's probate law, the abolishment of common-law dower being one and in lieu thereof the creation of certain statutory marital rights. By virtue of the provisions of the predecessor of Section 145.-090(3), certain "marital rights" were exempted under the Missouri Inheritance Tax Law.

The predecessor of the present statute, Section 145.090(3) (Laws 1953, p. 738) provided: "All transfers of any property or beneficial interest therein not exceeding the clear market value of twenty thousand dollars in excess of the aggregate value of all marital rights which would accrue to the surviving spouse upon renunciation of a will or death of the decedent intestate to a surviving husband or wife."

■ Thus, with reference to the new probate code and its effect on Section 145.090, and in response to an inquiry, the Attorney General of Missouri issued an opinion, reported in Volume I, Prentice Hall, Estate Planning, State Inheritance Taxes, ¶ 1010, Missouri Recent Decisions and Rulings, page 1027, l. c. 1028, in which, after research, it was concluded that "(1) the only marital rights to be included as exemptions, in addition to the twenty thousand dollars exemption mentioned in Section 145.090, Cumulative Supplement 1955, are the exempted property rights, family allowance and homestead allowance * * *," thereby denying any exemption for a distributive share received by a surviving spouse as a result of the renunciation of her deceased husband's will. The effect of this opinion was to hold that the new probate code at least inferentially abrogated the exemption of what previously was the surviving spouse's "marital rights" under Section 145.090(3). As a result thereof, a section of the Missouri Bar formed a committee to propose a corrective amendment to Section 145.090 (3) to be presented to the next legislative session due to meet in 1957. This court, in examining the copies of memoranda and documents of this committee which are before us and which have been stipulated to as to authenticity, though not as to admissibility, and which we are at liberty to examine as aids in our effort to determine legislative intent and to construe the statute here under consideration under Jackson v. St. Louis-San Francisco Ry. Co., 357 Mo. 998, 211 S.W.2d 931 [1-3]; Fears v. Riley, 148 Mo. 49(10), 49 S.W. 836, is persuaded that the committee's intention in drafting the present subdivision (3) was to clarify the point that the widow's exemption under said subdivision was equal to her "marital rights" under prior law and that by use of the word "estate" it was intended to include not only the technical probate estate but all other property taxable under Chapter 145. Such construction, as thus interpreted it seems to us, and as respondents contend, accords with the principles set forth and the decision reached in the case of In re Atkins' Estate, supra. In that case, decedent's will left practically his whole estate to his widow who took thereunder though not in lieu of dower, homestead, rights of election, or any other marital right. Under the provisions of the predecessor to

present Section 145.090(3), the probate court allowed an exemption to the widow of $20,000 and, in addition, a sum equal to one third of the decedent's estate. At 307 S.W.2d l. c. 422, the court said: "The State argues that a widow now takes through the intestate laws if her spouse dies intestate (§§ 236 and 474.010, supra) or she takes against the will, which is deemed to be 'by descent' (§§ 252 and 474.160, supra,) and if she takes under the will she 'shall share as heir' (§§ 259 and 474.-230, supra); and that the only marital rights under said probate code are an allowance of household goods (Laws 1955, p. 431, Sec. 134, V.A.M.S. § 474.250), an allowance for a year's maintenance (Id., §§ 135 and 474.260, respectively) and a homestead allowance (Id., §§ 138 and 474.-290, respectively)."

Continuing, on page 423, the court said: "If, as the State contends, a surviving spouse takes under the new probate code only through the intestate laws or through a will, and the holding in the Rogers case, Mo., 250 S.W. 576, 578 [3, 4], that a widow who renounces the will and elects to take her marital rights does not take under the will or through the intestate laws is no longer the law; nevertheless the rights given a surviving spouse by Laws 1955, p. 465, § 252, V.A.M.S. § 474.-160, are rights arising by virtue of the marriage relation, rights the husband cannot deprive his widow of without her consent, *marital rights* (see the Dean [166 S. W.2d 529] and Rogers cases, *supra*), and are expressly exempted from inheritance taxes by the italicized provisions of Laws 1953, p. 739, § 145.090(3), quoted supra." (Emphasis added.)

On page 424 the court goes on to say: "There is no contention that the rewording of this exemption provision in 1953 (Laws 1953, p. 739, § 145.090(3), quoted supra and applicable here) effected any change in the law under the 1943 act so far as involved in this case. Respondent says the Attorney General issued an opin-

ion on June 15, 1956, construing the exemption provisions of the inheritance tax law and the new probate code as here contended for by the State and directs our attention to the redrafting of § 145.090(3) by the next General Assembly. We take judicial notice (In re Gerling's Estate, Mo., 303 S.W.2d 915, 920) that the Sixty-ninth General Assembly clarified the situation by expressly providing, so far as here involved, for the exemption of property of the value of $20,000 to a surviving spouse 'in addition to the clear market value of one-half of the estate of the decedent, if decedent is not survived by lineal descendants or one-third of the estate of the decedent if decedent is survived by lineal descendants.' Laws 1957, p. 780, S.B. 4, § 145.090(3), V.A.M.S."

Thus, within the context of the question before this court in the instant case, the Atkins case holding is of importance here in that by it the predecessor of present subdivision (3) did not make a substantive change from its predecessor under the 1943 Act; that the legislature enacted the present subdivision (3) to clarify the issues raised by the aforementioned attorney general's opinion; that the present subdivision (3) does not change the substantive law as set forth in its predecessors but was intended to clarify the law. Under the Atkins principles and decision, the exemption granted by subdivision (3) is identical to the "marital rights" exemption granted by its predecessors and we are not now inclined to deprecate from the inferences and conclusions therein reached. Under this case the surviving spouse's marital rights were exempt and the amendment to Section 145.090(3), as enacted, was meant not to change existing law but to clarify it.

Respondents state that decedent's spouse received from her deceased husband's estate, under estate planning, sufficient property to take full advantage of the marital deduction without generating any federal estate tax liability, which position is not

controverted by appellant. In our view, as an analogy and as a further consideration regarding the issue herein, and as a source of aid in our effort to construe, having a bearing on the whole context of the matter here under consideration, as related to the question of a surviving spouse who renounces the will pursuant to Section 474.160 being chargeable with any portion of the federal estate tax paid out of the decedent's estate, we observe that this state, not having an equitable apportionment statute obtaining as in some states, the courts have applied equitable principles to the question of estate tax apportionment. In the often-cited case of Carpenter v. Carpenter, 364 Mo. 782, 267 S.W.2d 632, 641 [8–10], the court said: "We have found no Missouri case determining the ultimate burden of the federal estate tax as between the estate and the non-testamentary property included in the 'gross estate' for tax purposes, where the will has expressed no clear intent as to who should bear the ultimate burden of the estate tax attributable to the non-testamentary property. In both of the proceedings now before us we may determine the issues upon equitable principles."

Thereafter, pertaining to the same subject, came Hammond v. Wheeler, Mo., 347 S.W.2d 884, decided after the new probate code went into effect, where the question involved was the apportionment of the federal estate tax between a surviving spouse, who renounced her deceased husband's will and took a statutory one half of the decedent's estate, and the other beneficiaries of the estate. On page 893 the court said: "Inasmuch as there was and is no statute applicable to this case and no judicially pronounced rule of which we are aware, which bars or is inconsistent with the application of equitable principles in determining the question in this case, and inasmuch as the basic principle of equitable apportionment was recognized and applied in Carpenter v. Carpenter, supra (364 Mo. 782, 267 S.W.2d 632), and inasmuch as it seems to us to be inequitable and grossly unjust to require a surviving spouse to pay a portion of the federal estate tax on the deceased spouse's estate solely by reason of the fact that the surviving spouse receives a statutory share of the estate which is not taxed and the receipt of which share does not cause or contribute to cause any part of the tax, we are of the opinion in this case that the renouncing widow's share of her deceased husband's estate should be received by her undiminished by any charge for federal estate tax except by that part of the federal estate tax allocable to that portion of her deceased husband's property received by her which formed part of his taxable estate."

Again, in the later case of Jones v. Jones, Mo., 376 S.W.2d 210, decided after the code, this court held that a widow who elected to take against the will of her husband should share in the overpayment of federal estate tax in the same proportion as the tax allocated to property received by her in excess of her maximum marital deduction bore to tax which would have been owed on the basis of proper apportionment thus recognizing that the new probate code did not bar the application of the doctrine of equitable apportionment.

■ As applicable here, the Carpenter, Hammond, and Jones cases stand for the principle that a surviving spouse who elects to take against her deceased spouse's will under Section 474.160 is not to be charged with any portion of the federal estate tax paid out of the deceased spouse's estate where not generated by her distributive share, except as otherwise noted in the Hammond case. Similarly, where the widow's distributive share of the estate does not generate federal estate tax, the exemption allowed under Section 145.-090(3) should not be reduced in any degree by the payment of any portion of the said tax.

The necessary corollary to the principles set forth in the heretofore cited cases is that, as properly construed, having regard to statutory provisions considered herein and the principles of equitable apportionment as applied in the cited cases, by the word "estate" as used in Section 145.090(3) the legislature intended to comprehend all forms of property, the transfer of which is subject to the inheritance tax, without deciding the issue of equitable apportionment. As we thus construe it, the statute here under consideration removes from the surviving spouse's exemption any burden for a federal estate tax not generated by the distributive share received by such surviving spouse and makes the widow's exemption under Section 145.090(3) the same as her distributive share under Section 474.160. In re Atkins' Estate, supra.

Thus, in answer to the specific question posed on this appeal, we hold that the statute involved, Section 145.090(3), properly construed, in defining "estate" refers to the value of the property owned by the decedent before deduction of the amount paid in satisfaction of federal estate taxes.

Further this caveat, our ruling is confined strictly to the sole issue and question involved in this appeal and is not to be extended in scope beyond this issue.

For the above and foregoing reasons, and based upon the authorities herein cited, the judgment of the circuit court is affirmed.

SEILER, P. J., and HOLMAN, J., concur.

BARDGETT, J., not participating because not a member of the court when cause was submitted.