The **FIRST NATIONAL BANK OF OMA-HA et al., Plaintiffs-Appellees,**

v.

The **UNITED STATES of America,
Defendant-Appellant.**

No. 73–1464.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1973.

Decided Jan. 30, 1974.

Michael L. Paup, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

Tyler B. Gaines, Omaha, Neb., for plaintiffs-appellees.

Before VAN OOSTERHOUT and MOORE *, Senior Circuit Judges, and WEBSTER, Circuit Judge.

PER CURIAM.

In this tax refund case we are asked to review the holding of the District

Court [1] that, for purposes of the federal estate tax of Martha H. Hitchcock, the deductible amount of certain charitable bequests should not be reduced by a proportionate share of federal estate taxes.[2] The District Court granted partial summary judgment in favor of plaintiffs-appellees, the decedent's co-executors. We affirm on the basis of Judge Denney's well written and soundly reasoned opinion, 340 F.Supp. 232 (D.Neb.1972).

Martha H. Hitchcock died testate on December 15, 1962. Her co-executors timely filed a federal estate tax return and paid the estate tax shown to be due, $9,469,302.00. The Commissioner of Internal Revenue assessed a deficiency in the amount of $992,234.10, less credit for state death taxes in the amount of $206,178.40. Plaintiffs paid the assessment together with interest of $143,557.-46, and thereafter timely filed claims for refunds of the estate taxes and interest paid.[3] When these refund claims were disallowed by the Internal Revenue Service, this tax refund suit was instituted. Jurisdiction is found in 28 U.S. C. § 1346(a)(1).

In assessing the deficiency, the Commissioner determined that the residue of the testatrix's estate—that portion remaining after the satisfaction of the decedent's general and specific bequests and devises, debts and administrative expenses—was insufficient to pay the federal estate tax and state death taxes. The Commissioner originally computed the total deficiency to exceed two million dollars, and determined that the excess taxes due should be apportioned pro-rata

---

* LEONARD P. MOORE, Senior Circuit Judge, Second Circuit, sitting by designation.

1. United States District Court for the District of Nebraska, Honorable Robert V. Denney, District Judge.

2. An additional issue confronting the court below concerned the proper manner of distributing the burden of Nebraska's state inheritance taxes. Judge Denney found that, under Nebraska law, that tax is directly imposed upon each taxable gift, with the exception of charitable legacies and devises. Neb.Rev.Stat. § 77–2003, § 77–2007.04

(1971). While the issue was raised whether charitable bequests should be reduced by the amount of state inheritance tax imposed on other non-charitable bequests, Judge Denney's decision with respect to the apportionment of federal death taxes made the resolution of this other issue unnecessary.

3. The plaintiffs' first claim for a refund, filed on March 13, 1967, was for estate taxes paid in the amount of $242,986.82. On June 6, 1968, plaintiffs timely filed a supplemental refund claim for estate taxes paid in the amount of $786,055.70 and for the $143,557.46 in interest.

among *all* the general and specific bequests listed in the will.[4] Because the decedent had made several general and specific bequests to certain charities, this pro-rata allocation reduced the total charitable deduction allowable against the gross estate. The tax deficiency resulted from the larger taxable estate produced by the Commissioner's method of determination.

■■ As the District Court correctly recognized, state law governs the question herein involved. Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L. Ed. 106 (1942). With respect to payment of state and federal estate taxes, Nebraska law follows an apportionment procedure which provides (1) that the burden of these taxes shall be equitably prorated among the persons interested in the estate based on the value of the interest each person is to receive and (2) that, in the apportionment, allowances shall be made for any deductions permitted by the law imposing the tax in computing the value of the net estate. Neb.Rev.Stat. § 77–2108 (1971). Where a testator has clearly demonstrated a contrary intent, however, and has designated in his will that estate or inheritance taxes be paid in a manner different than that provided by the statute, his directions will control. Naffziger v. Cook, 179 Neb. 264, 137 N.W.2d 804 (1965). Thus, the initial question before Judge Denney was whether "the decedent [had made] an effective direction that the inheritance and estate taxes be paid out of a particular portion of the estate and, if so, what was that direction." 340 F.Supp. at 234.

The two pertinent clauses of the decedent's will provide as follows:

ITEM II: * * * I further direct that all estate, inheritance, transfer and succession taxes lawfully levied against my estate and the shares of the beneficiaries therein shall be paid by my executors from the body of my estate and not deducted from the devises or legacies.

ITEM XIV: * * * [T]he income from my estate may be accumulated, if necessary, for any reasonable period not to exceed two (2) years in order to assist in providing funds for payment of taxes. * * *

■ Regarding ITEM II, Judge Denney found that even if the term "body" is interpreted in the broadest possible sense,[5] the decedent's attempt to protect the devises and legacies enumerated in her will must fail because of the insufficiency of the remaining funds in the estate to meet the assessed tax burden. Moreover, even if the decedent had intended "body" to include post-mortem income, as suggested by ITEM XIV, post-mortem income may not be used to increase a tax deduction, which is fixed by reference to date of death values. Alston v. United States, 349 F.2d 87 (5th Cir. 1965).

■ As a result, Judge Denney concluded that "[w]here the will directs that the taxes are to be paid out of a particular fund and the fund is insufficient to do so, the ordinary result is that the direction must fail. 37 A.L.R.2d 127." 340 F.Supp. at 235. And because the decedent's attempted direction has failed, the Nebraska apportionment statute must control the distribution of the excess tax burden remaining after exhaustion of the fund designated by the testatrix.

Judge Denney then turned to the specific question whether, under Nebraska's apportionment statute, charitable legacies and devises abate pro-rata along

---

4. The co-executors accumulated sufficient income to satisfy the balance of taxes without actual diminution of any of the non-residual bequests.

5. "The Court is not persuaded that a definite construction of the term 'body' in this context is needed. . . . Taking the entire phrase into account, the broadest possible definition of 'body' must be all of the estate except the devises and legacies, since those are the items that the 'body of the estate' direction is to protect." 340 F.Supp. at 235.

with all other legacies and devises. Finding no Nebraska cases in point, he invoked the general rule followed in other states that no *pro tanto* abatement of the charitable bequests is required. That rule is based on the rationale that since gifts to charities do not ordinarily generate any estate taxes but rather benefit other recipients of the estate by lowering the total taxable amount, equity as well as state and federal legislative intent require that such charitable gifts be relieved from sharing the burden of estate taxes assessed against the estate.[6] *See* In re Wahr's Estate, 370 Pa. 382, 88 A.2d 417 (1952); *see also* 37 A.L.R.2d 218.

■ We approve Judge Denney's analysis and affirm his conclusion that the decedent's bequests to charity should not be reduced by payment of federal estate and state death taxes.

Affirmed.

---

6. Judge Denney was careful to distinguish his conclusion in this case from the result he would reach where a charity was designated to take as a *residuary* legatee; there, the charitable bequest would abate since, "by definition, no residuary exists until all the debts, taxes, general and specific legacies have been paid." 340 F.Supp. at 236.