551 F.2d 90
 77-1 USTC P 13,189
 ESTATE of Charles C. BAUMBERGER, Jr., Deceased, Bexar County
National Bank of San Antonio, and Travis M.
Moursund, Successor to E. A. Baetz,
Independent Executors,
Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 75-3418.
 United States Court of Appeals,
Fifth Circuit.
 April 25, 1977.
 
 Travis M. Moursund, San Antonio, Tex., for petitioners-appellants.
 Scott P. Crampton, Asst. Atty. Gen., Michael L. Paup, Robert T. Duffy, Gilbert T. Andrews, Chief, App. Section, Tax Div., U. S. Dept. of Justice, Meade Whitaker, Chief Counsel, Internal Revenue Service, Washington, D. C., for respondent-appellee.
 Appeal from the Decision of the Tax Court of the United States (Texas Case).
 Before GODBOLD, TJOFLAT and HILL, Circuit Judges.
 TJOFLAT, Circuit Judge:
 
 
 1
 The facts of this case are simple. The decedent, Charles Baumberger, died testate in 1968 owning a gross estate of over $9 million. His will provided that his wife be given outright a car, his personal effects, and the household personal property. She also received a life estate in their main residence, the remainder interest of which was to pass to the residuary legatee upon her death. The will went on to provide that the "rest, residue and remainder" of the estate should be placed in trust with the income to the wife for life and remainder over to the Baumberger Endowment, a charitable trust devoted to the education of Texas boys and girls. The will provided that all estate taxes should be paid out of the estate, but directed which specific assets should be sold for the payment of such costs.
 
 
 2
 From the estate's calculation of its federal estate tax, the Internal Revenue Service (IRS) asserted a deficiency of over $1 million. A petition for redetermination was filed in the Tax Court contesting the size of the charitable deduction permissible under the Code. The Tax Court ruled in favor of the IRS and the estate took this appeal.
 
 
 3
 At issue is the proper application of 26 U.S.C. § 2055(c) (1970). That section provides,
 
 
 4
 If the tax imposed by section 2001, or any estate, succession, legacy, or inheritance taxes, are, either by the terms of the will, by the law of the jurisdiction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax, payable in whole or in part out of the bequests, legacies, or devises otherwise deductible under this section, then the amount deductible under this section shall be the amount of such bequest, legacies, or devises reduced by the amount of such taxes.
 
 
 5
 To effectuate section 2055(c), the IRS must use an algebraic formula which accounts for the fact that each time the tax is increased, the residue is decreased, thus reducing the amount of the deduction (and increasing the tax again, etc.).[1] The IRS used such a formula in this case.
 
 
 6
 The estate argues that the application of section 2055 to its case was erroneous. It contends that since the decedent specified in his will which property estate taxes were to be paid out of, and since such an expressed intent is to be honored under Texas law, the value of the charitable bequest should not be subjected to a formula reduction.
 
 
 7
 Reliance is placed upon First National Bank v. United States, 490 F.2d 1054 (8th Cir. 1974). That case held that where estate taxes were payable only out of the private bequests made in the will, application of section 2055(c) was inappropriate. Specifically distinguished, however, was the case "where a charity was designated to take as a residuary legatee; there, the charitable bequest would abate since, 'by definition, no residuary exists until all the debts, taxes, general and specific legacies have been paid.' " Id. at 1057 n.6, quoting 340 F.Supp. 232, 236 (D.Neb.1972) (district court opinion) (emphasis in original). See also Thompson v. Wiseman, 233 F.2d 734 (10th Cir. 1956); Rogan v. Taylor, 136 F.2d 598 (9th Cir. 1943). This is such a case. The remainder of the property, if any, out of which death taxes were to be paid was to then become part of the trust corpus. Only after such costs were determined and paid could the value of the life interest and charitable remainder be ascertained.
 
 
 8
 Since the charitable bequest was diminished by the payment of taxes, the IRS correctly applied section 2055(c) to this estate. Harrison v. Northern Trust Co., 317 U.S. 476, 63 S.Ct. 361, 87 L.Ed. 407 (1943). The decision of the tax court is therefore
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Such calculation approaches a limit, and the use of a formula to find the limit has been approved by this circuit in Estate of Aldrich v. Commissioner of Internal Revenue, 425 F.2d 1395 (5th Cir. 1970)