Harlowe E. **BOWES** and Harris Trust and Savings Bank, etc., **Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 78–1604.

United States Court of Appeals, Seventh Circuit.

Feb. 23, 1979.

---

Before FAIRCHILD, Chief Judge, SWY-GERT, Circuit Judge, and EAST, Senior District Judge.[1]

SWYGERT, Circuit Judge.

The question before us is whether a decedent's estate should be allowed to increase its charitable deduction under the federal estate tax laws if income in the form of interest from a fund set aside to pay estate and inheritance taxes is received after death and passes to charity. The district court determined that no increase in the charitable deduction should be allowed. We affirm.

I

The facts are not in dispute. Lyle M. Spencer died on August 21, 1968, a resident of Chicago, Illinois. By his will, decedent made bequests of cash and other specific property to and for the benefit of various individuals and a charity. Then he devised and bequeathed the rest of his property to the Spencer Foundation, an organization defined in section 2055(a)(2) of the Internal Revenue Code, bequests to which are deductible under section 2055(a) of the Code.[2] Decedent further directed all estate and inheritance taxes assessed by reason of his death be paid from the residue of his estate.

On November 21, 1969 the taxpayers, in their capacity as executors, filed a federal estate tax return for decedent's estate with the Internal Revenue Service and paid from the residue of decedent's estate the tax

Thomas E. Swaney, Chicago, Ill., for plaintiffs-appellants.

Marilyn E. Brookens, Dept. of Justice, Washington, D. C., for defendant-appellee.

1. The Honorable William G. East, United States Senior District Judge for the District of Oregon, sitting by designation.

2. I.R.C. § 2055 provides, in pertinent part:

   (a) *In General.*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers * *

   \* \* \* \* \* \*

   (2) to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *

   \* \* \* \* \* \*

   (c) *Death Taxes Payable Out of Bequests.*—If the tax imposed by section 2001, or any estate, succession, legacy, or inheritance taxes, are, either by the terms of the will, by the law of the jurisdiction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax, payable in whole or in part out of the bequests, legacies, or devises otherwise deductible under this section, then the amount deductible under this section shall be the amount of such bequests, legacies, or devises reduced by the amount of such taxes.

   (d) *Limitation on Deduction.*—The amount of the deduction under this section for any transfer shall not exceed the value of the transferred property required to be included in the gross estate.

shown due thereon in the amount of $3,058,- 867.98. On March 21, 1973 the Internal Revenue Service assessed a federal estate tax deficiency against decedent's estate in the amount of $620,172.44. Taxpayers paid this sum from the residue of decedent's estate on April 2, 1973. On October 29, 1973 the taxpayers filed with the Internal Revenue Service a claim for refund of federal estate tax in the amount of $551,270.78. The Internal Revenue Service disallowed the claim.

On November 1, 1975 taxpayers filed their complaint in the district court, seeking a judgment against the United States in the amount of $639,956.02 (comprised of a refund of federal estate taxes in the amount of $532,421.47 and interest paid by the estate with respect thereto in the amount of $107,534.55). The complaint contained three separate Counts. The third and only relevant Count for purposes of this appeal concerns the manner of computing the charitable deduction allowable to decedent's estate for his gift of the residue of his estate to the Spencer Foundation.

The value of the residue of decedent's estate before death taxes was $78,469,- 243.21. From this residue, a beneficial interest in the amount of $74,179,057.25 passed to the Spencer Foundation at decedent's death, the difference of $4,290,185.96 being the portion of the residue from which death taxes on decedent's estate were to be paid. The Government computed death taxes for decedent's estate as if they were due and payable at the moment of his death, with the result that the tax liability equalled the difference of $4,290,185.96. Because payment of the federal estate tax and Illinois death taxes for decedent's estate was not due until fifteen and eighteen months, respectively, after decedent's death, taxpayers determined death taxes for decedent's estate by claiming an addi-

tional charitable deduction for the value of the income interest in the death tax funds withheld before payment for the respective fifteen and eighteen month periods.

In the district court the parties filed a stipulation of facts, and on the basis of those facts taxpayers moved for summary judgment. The district court granted the motion on the first and second Counts of the complaint, but denied the motion on the third Count which relates to the charitable deduction. Thereafter, the court entered judgment against the Government for $114,382.12. This net amount constituted final judgment for taxpayers on Counts I and II and final judgment for the Government on Count III.[3]

Taxpayers appealed from the judgment entered against them on Count III; the Government has not cross-appealed from the judgment entered on Counts I and II. Thus, the only issue concerns the manner of computing the charitable deduction allowable to decedent's estate.

## II

The Internal Revenue Code sets out the calculus by which the tax due under the federal estate tax laws is to be determined. Section 2001 imposes an estate tax upon the transfer of the taxable estate of every decedent who dies a citizen or resident of the United States. The value of the taxable estate is determined by subtracting from the value of the gross estate the exemptions and deductions allowed by the Code. I.R.C. § 2051. The gross estate includes all property of the decedent, to the extent of his interest therein, at the time of his death. I.R.C. § 2033. Section 2031(a) provides that the value of both the property included in the gross estate and of the gross estate itself are to be determined as of the date of the decedent's death.[4]

3. The actual amount in controversy on this appeal is thus $525,573.89. This amount represents the difference between the amount taxpayers sought in their complaint for refund ($639,956.02) and the judgment of $114,382.13 entered in taxpayers' favor.

4. The relevant sections of the Internal Revenue Code of 1954 (26 U.S.C.) provide:
  SEC. 2001. RATE OF TAX.
    A tax computed in accordance with the following table is hereby imposed on the transfer of the taxable estate, determined as provided in section 2051, of every decedent,

One of the deductions from the gross estate allowed by the Code is for the amount of all bequests, legacies, devises, or transfers to or for the use of any corporation organized and operated exclusively for, among other things, charitable purposes. I.R.C. § 2055(a)(2). If, however, the terms of the will provide that estate or inheritance taxes are to be payable out of the bequest made to charity, then the amount deductible from the gross estate is the amount of the bequest, less the amount of the taxes. I.R.C. § 2055(c). The outcome of the instant case directly depends on this section 2055(c) calculation.

Taxpayers take the position that interest earned by the funds set aside from the residue of the estate to meet the tax obligations should be taken into account when calculating the charitable deduction for the federal estate tax. They reason that since the interest earned by the funds passes to charity, its value should be deductible. This interpretation of section 2055(c), however, is incorrect.

Income received by the estate of a deceased person during the period of administration or settlement is not part of the gross estate of the decedent for estate tax purposes and is not taxable as such. *Connecticut Bank & Trust Co. v. United States*, 465 F.2d 760, 764–65 (2d Cir. 1972); *Alston v. United States*, 349 F.2d 87, 88–89 (5th Cir. 1965). Rather, it is taxable to the estate itself as income. I.R.C. § 641(a)(3). Not being includable in the gross estate, post mortem estate income may not be used to increase the charitable deduction. *Buchanan v. United States*, 377 F.Supp. 1011, 1014 (W.D.Pa.1974), aff'd *mem.*, 511 F.2d 1392 (3d Cir. 1975). Any other result would run counter to the express provision of section 2055(d) that the amount of the charitable deduction "shall not exceed the value of the *transferred* property *required to be included* in the gross estate" (emphasis added). Here, the value of the property actually transferred to charity *and* required to be included in the gross estate was $74,179,-057.25. Adding to that figure the date of death value of the post mortem interest, which amount is *not* includable in the gross estate, the taxpayers claimed a total charitable deduction of $74,985,752.17. If this amount were allowed as a federal estate tax charitable deduction, it would violate the statutory directive of section 2055(d).

Taxpayers attempt to change this result by couching their argument in terms of the present value of the right to the income from the fund set aside for tax payments rather than describing the amount involved as an actual addition of post mortem income to the residuary bequest.[5] But as the

---

citizen or resident of the United States dying after the date of enactment of this title:

\* \* \* \* \* \*

SEC. 2031. DEFINITION OF GROSS ESTATE.

(a) [as amended by Sec. 18(a)(1), Revenue Act of 1962, P.L. 87–834, 76 Stat. 960]. *General.*—The value of the gross estate of the decedent shall be determined by including to the extent provided for in this part, the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated.

\* \* \* \* \* \*

SEC. 2033. [as amended by Sec. 18(a)(2)(A), Revenue Act of 1962, *supra*] PROPERTY IN WHICH THE DECEDENT HAD AN INTEREST.

The value of the gross estate shall include the value of all property to the extent of the interest therein of the decedent at the time of his death.

SEC. 2051. DEFINITION OF TAXABLE ESTATE.

For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the exemption and deductions provided for in this part.

Although section 2032 provides for an alternate valuation election, no such election was made in this case.

5. Taxpayers claim that what is involved here is the present value of the right to receive income from the funds, a right which decedent transferred to the charitable beneficiary along with the residue of the estate. The will itself, however, is silent as to this bequest of interest income, and it is only accomplished by operation of state law. *See Ill.Stat.Ann. ch. 30,* § 163(1) (Smith-Hurd). Although our treatment of the present value claim renders unnecessary further discussion of this issue, we do note that there is considerable question whether a transfer occurring by operation of law is eligible for the federal estate tax charitable deduction. *See Taft v. Commissioner,* 304 U.S.

district court observed, this is merely a different accounting path to the same substantive end; the present value theory depends on subsequently earned interest. Whether it is looked at retrospectively as "income received" by the estate, or prospectively as a "right to receive income," there is only a single sum of money involved: it is money from interest earned by the estate during administration. *Buchanan v. United States*, 377 F.Supp. 1011, 1015 (W.D.Pa. 1974), *aff'd mem.*, 511 F.2d 1392 (3d Cir. 1975). Throughout a series of cases beginning with *Waldrop v. United States*, 137 F.Supp. 753, 133 Ct.Cl. 902 (1956),[6] the federal courts have read the estate tax laws as requiring that taxes and administrative expenses charged against a charitable residual legacy must be deducted in full from the amount of the legacy at death in computing the charitable deduction. This is true regardless of the fact that income received during the period of administration will substantially reduce the impact upon the legacy. The result is that post mortem income which passes to charity may be fully deductible as regards the estate's federal *income* tax obligations, *see* I.R.C. § 642(c)(1), but it is not deductible for federal *estate* tax purposes.

This result is a reasonable one, especially since the existence of this interest income is actually a windfall. The federal estate tax becomes an obligation of the estate on the date of death, *Detroit Bank v. United States*, 317 U.S. 329, 332, 63 S.Ct. 297, 87 L.Ed. 304 (1943), but a grace period for filing is allowed. I.R.C. § 6075 (changed by a 1970 amendment to nine months from fifteen). The Government does not charge interest on the amount of the obligation during this period; rather, taxpayers may use the funds during the period to generate income for the estate, and if that income

passes to charitable beneficiaries, an income tax deduction is provided to the estate. That the statute and the *Waldrop* rule do not permit a deduction from the estate tax obligation as well is hardly unjust.

The judgment of the district court is affirmed.

---

351, 358, 58 S.Ct. 891, 895, 82 L.Ed. 1393 (1938) (". . . only such transfers as are testamentary in character are to be included in the gross estate, and it follows that only those of that character are deductible under [a predecessor to section 2055]."); *Senft v. United States*, 319 F.2d 642 (3d Cir. 1963).

**6.** *See also Alston v. United States*, 349 F.2d 87 (5th Cir. 1965); *Republic Nat'l Bk. of Dallas v. Comm'r*, 334 F.2d 348 (5th Cir. 1964); *Luehrmann's Estate v. Comm'r*, 287 F.2d 20 (8th Cir. 1961); *Buchanan v. United States*, 377 F.Supp. 1011 (W.D.Pa.1974), *aff'd mem.* 511 F.2d 1392 (3d Cir. 1975); *First Nat'l Bk. of Omaha v. United States*, 340 F.Supp. 232 (D.Neb.1972), *aff'd per curiam*, 490 F.2d 1054 (8th Cir. 1974).